869 F.2d 1153
 49 Fair Empl.Prac.Cas. 705,
49 Empl. Prac. Dec. P 38,837
Walter WENTZ, Appellant,
v.
MARYLAND CASUALTY COMPANY, a Maryland corporation, a
division of American General Company, Inc., Appellee.
 No. 88-5028.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 16, 1989.
Decided March 15, 1989.
 
 C. Scott Massie, Wayzata, Minn., for appellant.
 Mary E. Stumo, Minneapolis, Minn., for appellee.
 Before ARNOLD, FAGG, and WOLLMAN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Walter Wentz sued his former employer, Maryland Casualty Company (Maryland), based on federal and state law claims stemming from Wentz' discharge by Maryland. The district court granted summary judgment for Maryland, and Wentz appeals. We reverse in part and affirm in part.
 
 
 2
 In June 1980 Maryland hired Wentz, then age fifty-nine, as an insurance claims representative for its Milwaukee, Wisconsin, office. In 1982 Wentz accepted a promotion and permanent transfer to Maryland's Minneapolis, Minnesota, office. During the following year, Maryland twice placed Wentz on probation for job performance problems. In December 1983 Wentz' supervisors met to discuss Wentz' deteriorating performance, and they considered demoting him.
 
 
 3
 On February 9, 1984, Wentz complained to the Minneapolis office manager that his supervisors were disrespectful to him, harassed him, and treated him differently from younger employees. Wentz also told the manager that he had discussed his situation with an attorney, who had advised him to file an age discrimination complaint with the Equal Employment Opportunity Commission (the EEOC).
 
 
 4
 On February 15, 1984, Wentz filed an EEOC age discrimination charge against Maryland. The next day Maryland discharged Wentz, who was then sixty-two years old. During a staff meeting and in response to an employment agency's later inquiry, Maryland identified the reason for Wentz' discharge as the inability to perform his assigned job. Wentz was eventually replaced by a younger employee.
 
 
 5
 Wentz then filed this action against Maryland claiming, among other things, age discrimination and retaliatory discharge in violation of the Age Discrimination and Employment Act, 29 U.S.C. Secs. 621-634 (the ADEA). Wentz also asserted breach of an oral employment contract and defamation under state law. The district court concluded Maryland had discharged Wentz for a legitimate, nondiscriminatory reason (substandard work performance) that was not a pretext for discriminating against Wentz because of his age. On the strength of that ruling, the court also rejected Wentz' retaliation claim. In addition, the district court determined Wentz had failed to establish essential elements of his state law causes of action. The court thus granted Maryland's motion for summary judgment on all of Wentz' claims.
 
 
 6
 Initially, Maryland argues we do not have jurisdiction to consider Wentz' retaliation claim because he did not include a retaliation claim in the charge he filed with the EEOC. Wentz' ADEA claims are cognizable, however, if the allegations in the judicial complaint are " 'like or reasonably related to' " the timely filed administrative charges. Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 544 (7th Cir.1988) (quoted citation omitted); see also id. at 545 n. 2; Anderson v. Block, 807 F.2d 145, 148 (8th Cir.1986) (Title VII). In this case, we conclude Wentz' retaliation claim grew out of the discrimination charge he filed with the EEOC and, thus, is properly before this court.
 
 
 7
 On appeal, Wentz does not challenge the ruling against him on the merits of his age discrimination claim. He argues the district court nevertheless committed error in ruling that because Wentz had not prevailed on his age discrimination claim, he necessarily could not prevail on the retaliation claim. We find Wentz' argument persuasive.
 
 
 8
 Wentz' retaliation claim is based on his contentions that Maryland discharged him: (1) because he complained to his office manager about discriminatory treatment related to his age; and (2) because he filed a discrimination charge against Maryland with the EEOC. See 29 U.S.C. Sec. 623(d). With regard to Wentz' first contention, the district court stated:
 
 
 9
 The [c]ourt finds that Wentz did not engage in protected opposition to age discrimination in light of its ruling above that Maryland did not discriminate against Wentz on the basis of age. While Wentz'[ ] complaint may have been a legitimate reaction to allegedly rude conduct by [a supervisor], it could not constitute justifiable opposition to age discrimination, as Wentz was criticized and ultimately terminated because of his poor work performance, and not because of his age.
 
 
 10
 Wentz v. Maryland Casualty Co., No. 4-87-195, slip op. at 8 (D.Minn. Dec. 3, 1987) (emphasis added). Concerning Wentz' second contention, the district court held Maryland had not retaliated against Wentz in light of the undisputed fact Wentz' supervisors were unaware at the time of his discharge that Wentz had actually filed an administrative charge.
 
 
 11
 Proving retaliation claims under the ADEA follows the same general approach taken to similar claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-3. Anderson v. Phillips Petroleum Co., 861 F.2d 631, 634 (10th Cir.1988). To establish a prima facie case of retaliatory discharge in violation of the ADEA, Wentz must show: (1) he engaged in conduct protected under the ADEA; (2) he was subjected to an adverse employment action at the time of, or after, the protected conduct occurred; and (3) there was a causal link between the protected activity and the adverse employment action. See id.; see also Womack v. Munson, 619 F.2d 1292, 1296 (8th Cir.1980) (Title VII claim for retaliatory discharge), cert. denied, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). Conduct protected under the ADEA includes opposing ongoing discriminatory treatment as well as participating in an ADEA proceeding by filing a formal charge with the EEOC. See 29 U.S.C. Sec. 623(d).
 
 
 12
 Contrary to the district court's ruling, however, "[t]o prove that he engaged in protected activity, [Wentz] need not establish that the conduct he opposed was in fact [discriminatory]." Manoharan v. Columbia Univ. College of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir.1988) (race discrimination under Title VII); see Davis v. State Univ., 802 F.2d 638, 642 (2d Cir.1986) (age discrimination under Title VII); Sisco v. J.S. Alberici Constr. Co., 655 F.2d 146, 150 (8th Cir.1981) (race discrimination under Title VII), cert. denied, 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982). Instead, he must demonstrate a good faith, reasonable belief that the underlying challenged action violated the law. Manoharan, 842 F.2d at 593; Sisco, 655 F.2d at 150.
 
 
 13
 We believe Wentz is not precluded as a matter of law from pursuing a retaliation claim even though his discrimination claim ultimately was unsuccessful. Accordingly, we reverse the district court's ruling and remand for further proceedings on Wentz' retaliation claim. In so doing, we do not preclude summary judgment proceedings on whether Wentz had a good faith, reasonable belief that he was discharged for engaging in protected activity.
 
 
 14
 Our remand also is limited in one respect. We agree with the district court's ruling on the aspect of Wentz' retaliation claim based on Maryland's reaction to his EEOC filing. Thus, on remand, Wentz may proceed on his retaliation claim only insofar as it relates to his contention that Maryland discharged him for opposing discriminatory treatment based on his age.
 
 
 15
 Finally, we have carefully reviewed Wentz' arguments regarding his disputed state law claims for breach of an oral employment contract and defamation. Having done so, we do not disagree with the district court's disposition of those claims, and we affirm the court's decision to that extent.
 
 
 16
 REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
 
 
 17
 WOLLMAN, Circuit Judge, concurring.
 
 
 18
 I write separately only to emphasize that on remand Wentz must, in addition to establishing that he had a good faith, reasonable belief that he was discharged for engaging in protected activity, establish that Maryland's relatiatory motive (assuming that Wentz can prove that it had one) was a "but for" cause of the adverse employment decision. See Davis v. State University of New York, 802 F.2d 638, 644-45 (2d Cir.1986) (Newman, J., concurring); Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1260 (2d Cir.1987) (panel statement on rehearing); Manoharan v. Columbia Univ. College of Physicians & Surgeons, 842 F.2d 590, 594-95 (2d Cir.1988).