**Earl E. EVANS, Appellant,**

**v.**

**Robert D. PUGH, Hugh B. Chalmers, Jack L. Williams, Hall McAdams, Kaneaster Hodges, Gus Blass II, M.A. Jackson, W. Sykes Harris, Sr., Maurice Smith, James B. Blair, in their individual capacities as the Board of Trustees**

of the University of Arkansas, Hall Mc-Adams, Kaneaster Hodges, Gus Blass II, M.A. Jackson, W. Sykes Harris, Sr., Frank G. Kumpuris, James B. Blair, Candra S. Ledbetter, J.L. Hambree III, Bart R. Lindsey, in their official capacities as the Board of Trustees of the University of Arkansas, Appellees.

No. 89–2090.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1990.

Decided May 4, 1990.

Richard Quiggle, Little Rock, Ark., for appellant.

Fred H. Harrison, Little Rock, Ark., for appellees.

Before FAGG and WOLLMAN, Circuit Judges and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Dr. Earl Evans appeals from the district court's[1] grant of summary judgment to his former employer, the University of Arkansas at Pine Bluff. 715 F.Supp. 249. Evans claims that the University violated his right to due process by terminating him solely because of his age and violated the Age Discrimination in Employment Act by unlawfully retaliating against him for filing a lawsuit and two EEOC claims. The district court held that Evans did not have a property interest in his continued employment at the University after age seventy and failed to establish the necessary elements of his retaliation claim. We agree and thus affirm the district court's grant of summary judgment.

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

## I. BACKGROUND

Dr. Evans was hired by the University in October 1983 as the Director of International Agricultural Programs, a non-tenured position. During 1985 Evans celebrated his seventieth birthday. At that time the University had a written policy that all employees except tenured employees were automatically retired at the age of seventy, effective at the end of the fiscal year during which the employee's seventieth birthday is attained.[2] Pursuant to that policy Evans was automatically retired on June 30, 1985.

In July 1985 Evans entered into a contract with the University to perform essentially the same services that he had been performing prior to his automatic retirement. The parties agreed in that contract that Evans would be so employed until January 31, 1986. In September 1985 the University's Chancellor recommended that the contractual arrangement with Evans should not be continued after the agreed expiration date.

Pursuant to the Chancellor's recommendation, Evans' employment contract with the University was not extended past January 31, 1986. In October 1987 the position of Director of International Agricultural Programs at the University was advertised and twelve applications were received, including one submitted by Dr. Evans. Only one applicant, Dr. Suchet Louis, was interviewed. Dr. Louis was offered the position in August 1988, and after initially accepting he ultimately rejected the offer. The position remained vacant at the time this case was heard.

Evans filed this suit based on 42 U.S.C. § 1983 and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1982 and Supp. V 1987) ("the ADEA"). In his § 1983 claim Evans alleges that he had a property interest in his continued employment after he turned seventy pursuant to Ark.Code Ann. § 21–3–204. In his ADEA claim Evans alleges that by not interviewing or hiring him for the Director of International Agricultural Programs position when it was advertised in 1987 the University retaliated against him for having previously filed EEOC charges and a lawsuit against it. Evans had in fact filed EEOC charges against the University in 1985 and 1988 and had also filed another lawsuit alleging discrimination against the University in 1985.

As defendants in this suit Evans named the current members of the University's Board of Trustees and the Board's members at the time of his automatic retirement in 1985. Throughout this opinion the defendants will be referred to collectively as "the University."

## II. DISCUSSION

In reviewing the district court's grant of summary judgment, we apply the same standard used by the district court. Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The nonmoving party must be given the benefit of all favorable factual inferences. Further, when a motion for summary judgment is made and supported as provided by Federal Rule of Civil Procedure 56, the adverse party "may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Holloway v. Lockhart*, 813 F.2d 874, 878 (8th Cir.1987).

In order to show that he had a protected property interest in his continued employment after he turned seventy Evans must show by reference to a specific source that he had "a legitimate claim of entitlement" to such continued employment. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct.

---

**2.** In 1985 the Age Discrimination in Employment Act protected only individuals between the ages of forty and seventy. 29 U.S.C. § 631(a) (1982). It was amended in 1986 to protect all persons who are least forty years of age. 29 U.S.C. § 631(a) (Supp. IV 1986). The University then repealed its mandatory retirement policy, effective January 1, 1987. *See* Plaintiff's Exhibit 13, Joint Appendix at 86.

2701, 2709, 33 L.Ed.2d 548 (1972). "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.; See Armer v. City of Salem,* 861 F.2d 514, 515 (8th Cir.1988).

Evans claims that he had a legitimate claim of entitlement to continued employment based on Ark.Code Ann. § 21–3–204. That section is contained in a subchapter of the Arkansas statutes dealing with age discrimination by public employers. An earlier section of that subchapter entitled "Applicability" provides that "[t]he prohibitions in this subchapter shall be limited to individuals who are at least forty (40) years of age but less than seventy (70) years of age." Ark.Code Ann. § 21–3–202 (1987). The next section prohibits discrimination by public employers based on age where the employee is seventy years or younger. Ark.Code Ann. § 21–3–203 (1987). Then, § 21–3–204, the section relied on by Evans, addresses public employees who have reached seventy years of age. It provides:

> (a) Any employee of a public employer may be permitted to continue in the employ of his public employer beyond the attainment of age seventy (70) years upon the written authorization of the chief administrative officer of the employee's agency, department, or institution.
>
> (b) This authorization shall be for a period of no longer than one (1) year with the right of the chief administrative officer thereafter to renew authorizations on a year-to-year basis.
>
> (c) Authorization to continue employment shall be based solely on the ability of the individual to perform employment tasks and not on the basis of age.

Ark.Code Ann. § 21–3–204 (1987) (repealed 1989).[3]

Evans argues that this statute provided him an unconditional right to employment past the age of seventy so long as he could show that he was still able to "perform employment tasks" as required by subsection (c). He emphasizes that subsection (c) contains mandatory language—that is, it provides that authorization to continue employment "shall" be based on the individual's ability and not on age.

■■■ We are not persuaded. As the district court correctly held, § 21–3–204 only grants public employers the discretion to retain employees after the age of seventy; it does not require public employers to retain employees over seventy who show an ability to adequately perform their job duties. The statute quite plainly uses permissive rather than mandatory language. It provides that public employees "may" be permitted to stay on past age seventy if sufficient authorization is received. It then goes on to provide that authorization applies for only one year at a time, and further that the decision of whether authorization should be granted should be based on performance and not on age. It does not, as Evans argues, provide that whenever a public employee who reaches seventy is still able to perform his employment tasks he must be retained.

The interpretation advanced by Evans would effectively nullify the section entitled "Applicability" which provides that the prohibitions in this subchapter dealing with age discrimination by public employers are limited to individuals between the ages of forty and seventy. We think it quite clear that in this subchapter the Arkansas legislature intended to prohibit age discrimination in public employment against employees under seventy years of age and also to provide public employers the discretion to retain employees who have reached age seventy. The statute simply does not afford employees who have reached seventy

---

**3.** Arkansas has recently amended this subchapter to bring it into conformity with the ADEA. Section 21–3–204 has been repealed because the Arkansas statute, like the ADEA, now prohibits age discrimination by public employers against all employees over the age of forty. *See* House Bill 1055, "An Act to Amend Arkansas Code 21–3–201 et seq.," Reply Brief of Appellant at Appendix.

years of age the same protection that it does younger employees.

Accordingly, this statute did not give Evans a legitimate claim of entitlement to his continued employment after he reached seventy. There is no genuine issue of material fact with respect to Evans' due process claim. Even assuming that Evans was able to perform his job adequately after he reached seventy, the statute still gave the University the discretion to not continue his employment. We affirm the district court's grant of summary judgment to the University on Evans' due process claim.

We turn to Evans' claim that the University retaliated against him by not interviewing or hiring him for the Director position advertised in 1987. The ADEA prohibits an employer from discriminating against an employee because he or she opposed a practice made unlawful by the ADEA. 29 U.S.C. § 623(d) (1982). To establish a prima facie case of retaliation in violation of the ADEA Evans must show that: "(1) he engaged in conduct protected under the ADEA; (2) he was subjected to an adverse employment action at the time of, or after, the protected conduct occurred; and (3) there was a causal link between the protected activity and the adverse employment action." *Wentz v. Maryland Casualty Co.*, 869 F.2d 1153, 1154–55 (8th Cir. 1989) (citation omitted).

Evans clearly engaged in conduct protected by the ADEA; he filed EEOC charges against the University in December 1985 and October 1988 and filed a lawsuit against the University in 1985. The district court held that Evans failed to establish the second element of his retaliation claim, that he was subjected to an adverse employment action. The district court went on to conclude that even if the University's failure to hire Evans is considered an adverse employment action, Evans' claim still fails because he did not put forth any evidence showing that there was a causal link between his protected activity and his nonselection.

We agree with the district court. Evans' claim that "the only plausible rea-

son" for the University's failure to interview him was that it was retaliating against him for complaining about his forced termination is wholly unsupported. We are not prepared to conclude that Evans has stated a valid ADEA claim by alleging only that the University's nonselection of him must have been motivated by retaliation. No other facts or circumstances tend to support Evans' claim that the University was retaliating against him. Ten other applicants were not interviewed, and the person who was hired was unquestionably qualified. To survive a summary judgment motion, Evans must identify a genuine and material factual dispute. That means, among other things, that he must allege facts which could prompt a reasonable jury to return a verdict for him. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. We hold that he has not done so. He has not alleged facts sufficient to state a retaliation claim under the ADEA, and we thus affirm the district court's grant of summary judgment on this claim.

### III. CONCLUSION

We conclude that Evans did not have a property interest protected by the Due Process Clause in his continued employment after age seventy. And, he failed to state facts sufficient to support his retaliation claim. Accordingly, we affirm the district court's grant of summary judgment to the University.