M. Margaret ADAMS, Appellant,

v.

WEST PUBLISHING COMPANY, Appellee.

No. 93–1725.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1994.

Decided May 25, 1994.

**636**

Aldo J. Terrazas, Minneapolis, MN, for appellant.

Patricia A. Bloodgood, Minneapolis, MN, (Linda L. Holstein, on the brief), for appellee.

Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

M. Margaret Adams brought this employment discrimination lawsuit after West Publishing Company (West) transferred her to a position that Adams regarded as a demotion. Adams claims West demoted her because of her age and sex and retaliated against her by not transferring her back to her old position after she filed discrimination charges with the Minnesota Department of Human Rights. According to West, Adams's transfer was part of a restructuring plan, not a demotion. The district court applied the familiar three-step *McDonnell Douglas* framework to Adams's claims. *See Hase v. Missouri Div. of Employment Sec.*, 972 F.2d 893, 895–96 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2332, 124 L.Ed.2d 244 (1993). The district court concluded Adams raised a prima facie case of age discrimination but failed to show any evidence of pretext for intentional discrimination. The district court also concluded Adams failed to raise a prima facie case of sex discrimination or retaliation. The district court thus granted West summary judgment on all Adams's claims. *Adams v. West Publishing Co.*, 812 F.Supp. 925, 934 (D.Minn.1993). Adams appeals the district court's grant of summary judgment on her age discrimination and retaliation claims.

Adams contends she raised a factual dispute that her transfer was a pretext for age discrimination. We disagree. Adams presented no evidence to refute West's affidavits showing West decided to restructure before Adams's transfer and showing Adams was transferred to lessen overstaffing in Adams's old department and understaffing in Adams's new department. Although Adams claims West could have restructured without transferring her, Adams does not dispute having skills and experience urgently needed in her new department. Further, we agree with the district court that Adams's evidence showing her new department had an older workforce and more employees retiring than her old department was not statistical evidence "of a kind and degree" suggesting age discrimination. *See Goetz v. Farm Credit Servs.*, 927 F.2d 398, 405–06 (8th Cir.1991).

Adams also contends she presented sufficient evidence of retaliation. Having carefully reviewed the record, we agree with the district court that West's failure to transfer Adams back to her old department did not show Adams was subject to an adverse employment decision because she filed discrimination charges. *See Wentz v. Maryland Casualty Co.*, 869 F.2d 1153, 1154–55 (8th Cir.1989) (elements of prima facie case of retaliation).

Accordingly, we affirm.