30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ruth M. LITVAK, Plaintiff-Appellant,
v.
BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508,
Defendant-Appellee.
 No. 93-2549.
 United States Court of Appeals, Seventh Circuit.
 Argued June 14, 1994.
Decided July 26, 1994.
 
 Before ESCHBACH, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 Background
 
 1
 Plaintiff Ruth M. Litvak, a former tenured college professor, filed an age discrimination suit against her employer of 23 years, defendant Community College District, after it imposed mandatory retirement upon Litvak when she reached age 70 but allegedly permitted two other 70-year-old tenured employees to remain. The district court dismissed the suit for failure to state a cause of action pursuant to Fed.R.Civ.P. 12(b)(6).[1]
 
 
 2
 Litvak concedes that the College can require tenured faculty to retire when they turn 70 years of age. The Age Discrimination Act (ADEA) permits (temporarily[2] ) an institute of higher education to terminate the employment of a tenured faculty member on the basis of his or her reaching the age of 70. 29 U.S.C. Sec. 631(d). The Illinois Human Rights Act includes a similar provision. 775 ILCS 5/2-104(c). These are valid provisions. Gregory v. Ashcroft, 501 U.S. 452 (1991). See generally, Note, Questioning Age-Old Wisdom: The Legality of Mandatory Retirement of Tenured Faculty Under the ADEA, 105 Harv.L.Rev. 889 (1992); Report of the AALS Special Committee on Tenure and the Tenuring Process, 42 J.Legal Educ. 477 (1992) (by special committee of Association of American Law Schools).
 
 Discussion
 
 3
 The crux of Litvak's case is that the College arbitrarily applied a policy of mandatory retirement because employees O'Malley and DeGroot (both over 70) remained after Litvak was forced to leave.[3] The amended complaint alleges that:
 
 
 4
 "[D]efendant is currently employing at least two (2) employees who, despite having attained seventy (70) years of age, are serving under contracts of unlimited tenure as was plaintiff when she was involuntarily terminated from her employment."
 
 
 5
 The College's motion to dismiss includes an affidavit of the Acting Assistant Director for Personnel Records & Services which states that the College employed no one over age 70 as a tenured faculty member. Plaintiff's response to the motion to dismiss included her own affidavit stating that unnamed "officials" for the union gave her "reliable information," and that the union maintains records "regarding the current employment status and dates of birth of all tenured employees." The union told plaintiff that "Ms. DeGroot is currently a full-time tenured employee in the business office," and that plaintiff herself ascertained from some unknown "computer records" that DeGroot is over 70 years old. The affidavit also states that "a student enrolled in my class" told plaintiff that "Professor O'Malley was a tenured employee over the age of 70 who was employed full-time as a tenured employee" by the College. Plaintiff's affidavit, then, is based on hearsay from an unnamed student and unnamed union official.
 
 
 6
 The College's reply memorandum states that "DeGroot is a full-time clerical employee" and that the College "does not grant tenure rights to ... clerical staff." The reply memorandum also states that "O'Malley was a tenured faculty member ... until his retirement," when he "worked for defendant on a short term basis as a lecturer." Attached to the reply memorandum are employment records indicating these facts but the records are not certified. Plaintiff does not refute this information. The district court found that plaintiff pled herself out of court when she alleged that the College kept two of their over-70 employees.
 
 
 7
 We must ask whether any theory would permit the allegations to state a valid claim. See Doss v. South Central Bell Telephone Co., 834 F.2d 421 (5th Cir.1987) (plaintiff should have alleged age discrimination under the ADEA, not under Title VII; but naming the wrong theory is not fatal and can withstand a motion to dismiss). See also Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir.1992) (complaint need not identify a legal theory and can even identify an incorrect theory; "a court should ask whether relief is possible" in a notice pleading jurisdiction since complaints "initiate the litigation but recede into the background as the case progresses"). While an employer need not discriminate against every employee who is over 70, equal protection is an unusual (but not impossible) argument to raise in an age discrimination case. The difficulty arises from the fact that by their very nature, mandatory retirement policies cover all employees in the defined class (here, over 70).
 
 
 8
 As discussed above, no statutory violation exists. No due process issue arises because there is no property interest in continued employment as a tenured faculty professor after age 70. Evans v. Pugh, 902 F.2d 689, 692 (8th Cir.1990) (in age discrimination case, court holds that the university's discretion to retain professor past age seventy does not create a property interest).
 
 
 9
 Litvak has failed to face the problem that results from her decision to rest her entire case on the allegation that DeGroot and O'Malley are over 70 years of age and have been retained as tenured employees, while the College's employment records show the assertions are not true. Litvak has failed to withstand the motion to dismiss because she has not sufficiently shown a prima facie case of age discrimination.
 
 Conclusion
 
 10
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In a settlement agreement filed during the pendency of the earlier EEOC charge, the parties agreed that the College would permit Litvak to take advantage of the benefits of the College's early retirement plan
 
 
 [2]
 This provision was eliminated as of January 1, 1994. See Pub.L. No. 99-592, Sec. 6(a), 100 Stat. 3342, 3344 (1978) (codified at 29 U.S.C. Sec. 631 and note (1988)). See also Karlen v. City Colleges, 837 F.2d 314, 320 (7th Cir.) ("[C]olleges and universities lobbied hard with Congress against the raising of the minimum mandatory retirement age to 70 (and its elimination altogether, effective in 1994), and they are a powerful lobby. They lost...."), cert. denied, 486 U.S. 1044 (1988)
 
 
 [3]
 Without objection from the parties, the district court handled this as a motion to dismiss, and not a motion for summary judgment, despite the fact that the parties submitted documents outside the pleadings