**Robert C. PIERCE, Appellant,**

v.

**John O. MARSH, Secretary of the Army, Appellee.**

**No. 87–2580.**

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1988.

Decided Oct. 19, 1988.

Lisa A. Kelly, Pine Bluff, Ark., for appellant.

Major Robert L. Minor, Washington, D.C., for appellee.

Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HARPER,* Senior District Judge.

BRIGHT, Senior Circuit Judge.

Appellant Robert C. Pierce, a black male, appeals from the district court[1] order granting summary judgment in favor of the appellee John O. Marsh, Secretary of the Army, on Pierce's employment discrimination claims. Having reviewed the extensive record presented on the motion for summary judgment, we affirm.

## I. BACKGROUND

On March 1, 1984, the Department of the Army, Pine Bluff Arsenal, at Pine Bluff, Arkansas, published a job vacancy announcement for the position of Explosives Operator Foreman, WS–07. The Arsenal's civilian personnel office prepared a Referral and Selection Register of the twelve best qualified candidates for the position. The list included appellant Pierce's name.

A panel of three selecting supervisors unanimously chose Roosevelt Stokes, a black male, and Johnnie Webb, a white female, to fill the two available positions. Both Webb and Stokes were ranked higher than Pierce on the civilian personnel office list.

Pierce thereupon contacted the Arsenal's equal employment opportunity counselor, asserting discrimination on the basis of race and sex. After conducting an investigation into Pierce's complaint, the officer concluded that there was no discrimination in the decision not to promote Pierce.

Pierce then filed a formal administrative complaint alleging race and sex discrimination. The United States Army Civilian Appellate Review Agency (USACARA) conducted its own extensive investigation of Pierce's claims and concluded that Pierce failed to establish a prima facie case of race or sex discrimination.

This suit followed. In his complaint, Pierce alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, based on disparate treatment and disparate impact. The district judge, with the full record of

---

* The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

administrative proceedings before him, granted the Secretary's motion for summary judgment of dismissal holding that, although Pierce made a prima facie case of discriminatory treatment, he failed to provide any evidence to rebut the Arsenal's legitimate nondiscriminatory reason for not promoting Pierce, *i.e.*, that Webb and Stokes were the better qualified candidates for the promotion. The district court additionally held that Pierce failed to provide evidence to make even a prima facie case of discrimination based on disparate impact.

This appeal followed.

## II. DISCUSSION

In reviewing an order granting summary judgment, we apply the same standard which governs the district court: summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Umpleby v. United States*, 806 F.2d 812, 814 (8th Cir.1986); Fed.R.Civ.P. 56(c). The party opposing the motion is entitled to all reasonable inferences to be drawn from the facts and all facts are to be viewed in the light most favorable to that party. *Portis v. Folk Constr. Co.*, 694 F.2d 520, 522 (8th Cir.1982).

### A. *Disparate Treatment*

In order to prove a case of disparate treatment under Title VII, a claimant must first establish a prima facie case, thus raising the inference of discrimination. The burden then shifts to the employer to articulate a legitimate nondiscriminatory reason for its action. This done, the burden shifts back to the claimant to demonstrate that the employer's articulated reason is merely a pretext for discrimination. *McDonnell–Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

■ The district court correctly held that Pierce alleged a prima facie case of discrimination. Pierce is black, undoubtedly qualified for the position, as evidenced by his placement on the list of the twelve most qualified applicants, and was denied the promotion in favor of a white female. *Id.;* *Bell v. Bolger*, 708 F.2d 1312, 1316 (8th

Cir.1983) (modifying the *McDonnell–Douglas* analysis for application to discriminatory promotion cases).

■ The district court further held, and we agree, that the Secretary articulated a legitimate nondiscriminatory reason for its decision not to promote Pierce. The Secretary contends that the selectees for the promotion, Stokes and Webb, were more highly qualified for the promotion than was Pierce. The civilian personnel office's list of the ten best qualified candidates ranked Pierce lower than both Webb and Stokes. The selecting panel members each testified that the decision was not made on this criteria alone; they also drew upon their personal knowledge of the candidates' strengths and weaknesses in deciding that Stokes and Webb were the best qualified candidates for the job.

The Secretary, having provided a legitimate nondiscriminatory reason for the selection, shifts the burden back to Pierce to demonstrate pretextual nature of the proferred reason is pretext. The Secretary moved for summary judgment on this issue, contending that Pierce failed to provide any evidence to rebut its legitimate nondiscriminatory reason for not promoting Pierce. The district court agreed and granted summary judgment in the Secretary's favor.

In response to the Secretary's motion for summary judgment, Pierce referred the court to the Secretary's exhibit 13, containing summary sheets of both Pierce's and Webb's qualifications for the foreman position. This exhibit, Pierce contends, demonstrates that his qualifications far outweigh Webb's qualifications, thus demonstrating that the Secretary's legitimate nondiscriminatory reason for the decision to hire Webb serves as a mere pretext for racial discrimination.

■ Our review of the exhibit discloses that both Webb and Pierce possess relatively similar qualifications. Based on the text of the exhibit, neither candidate appears better qualified for the foreman position. The selecting officials testified by affidavit that subjective factors, *i.e.*, their evaluation

based on personal observation of the candidates, also entered into the selection decision. Even if these subjective reasons could be rejected on credibility grounds, such a rejection of that evidence would not add anything to the lack of a showing of pretext by Pierce.

We believe that the district court, reviewing the extensive administrative record generated in this case, correctly held that Pierce failed to provide any evidence from which a rational trier of fact could infer that the selecting committee's articulated nondiscriminatory reason for hiring Webb over Pierce was overcome by any evidence establishing that reason as pretextual. The mere existence of comparable qualifications between two applicants, one black male and one white female, alone does not raise an inference of racial discrimination.

Thus Pierce, having failed to raise any evidence of pretext here, must, as a matter of law, fail in his claim of racial discrimination resting on disparate treatment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986).

### B. *Disparate Impact*

To establish a claim of racial discrimination on the basis of disparate impact, the claimant must prove (1) an identifiable, facially neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two. *McIntosh v. Weinberger*, 810 F.2d 1411, 1427 (8th Cir. 1987).

In its motion for summary judgment, the Secretary of the Army argued that Pierce could supply no evidence to establish even a prima facie case of disparate impact. In response, Pierce submitted the memorandum opinion in *Goldman v. Marsh*, 31 E.P.D. 33,605 (E.D.Ark.1983), apparently relying on the findings therein to support his claim that the Arsenal's temporary promotions policy has a discriminatory impact on blacks. Pierce notes that the *Goldman* court recognized a disparate impact on

blacks created by the Arsenal's policy and practice of assigning white employees to temporary promotions whereby they received the training and experience necessary for permanent promotions. The discriminatory effect of this policy, he argues, operated against him in this case because it is through this procedure that Webb obtained the experience qualifying her for the promotion to foreman. The district court, however, dismissed this claim holding that Pierce failed to demonstrate a prima facie case of disparate impact discrimination. The court noted that Pierce failed to provide any evidence tending to demonstrate that the practices condemned in *Goldman* impacted on Pierce and that Pierce failed to produce statistical or other evidence supporting his disparate impact claim. Thus, in light of *Celotex, supra,* the court granted the Secretary's motion.

We affirm. As the Supreme Court made clear in *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53 where the party opposing a motion for summary judgment cannot establish an essential element of his case, summary judgment is proper. Here, Pierce simply presented to the court a prior district court decision in which that court found disparate impact discrimination at the Pine Bluff Arsenal. Pierce provided no statistics or other evidence tending to demonstrate that the challenged temporary promotions policy operated against him in the present case. How and whether these practices impact on Pierce rests on mere conjecture. Because Pierce did not provide evidence of a prima facie case, the trial court correctly entered a summary judgment of dismissal on the disparate impact theory.

### III. CONCLUSION

In accordance with the foregoing, we affirm the district court's order granting summary judgment on behalf of the Arsenal.