**Vanya M. HAGLOF, Appellant,**

**v.**

**NORTHWEST REHABILITATION, INC., a Minnesota corporation, Appellee.**

**No. 89–5245.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1990.

Decided Aug. 6, 1990.

Michael A. Pinotti, Roseville, Minn., for appellant.

Thomas M. Scott, Eagan, Minn., for appellee.

Before LAY, Chief Judge, WOLLMAN, Circuit Judge, and STUART,* Senior District Judge.

---

* The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

LAY, Chief Judge.

Vanya Haglof appeals the grant of summary judgment by the district court[1] dismissing her claim brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 (1988) (ADEA), against her former employer Northwest Rehabilitation, Inc. We reverse.

BACKGROUND

Haglof was 51 years old when Northwest terminated her and temporarily filled her position with the president's 21–year–old daughter. Northwest claimed that the termination was part of a restructuring of the workforce at the nursing home where Haglof worked—a restructuring that eliminated her position and replaced it with one requiring higher credentials. Haglof claimed, however, that the restructuring did not occur until shortly after she filed a complaint with the Equal Employment Opportunity Commission (EEOC) claiming age discrimination. In the intervening month her replacement, the president's daughter, also lacked the higher credentials. Northwest asserted that it had intended to restructure immediately upon terminating Haglof, but at the last minute the candidate to replace her became unavailable, and it took a month to find another with suitable credentials. Haglof responded that Northwest was unable to produce any evidence to prove the existence of this prior candidate, including her name or a copy of her application. Haglof also asserted that the restructuring was merely a shifting of labels with no practical effect on the staff's size or duties at the nursing home.[2]

The district court initially held that Haglof had established a prima facie case of age discrimination because 1) she was in the protected age bracket; 2) her job performance was satisfactory; 3) she was discharged; and 4) she was replaced, at least temporarily, with a younger person who would provide the same service or skill. *See Clements v. General Accident Ins. Co. of America*, 821 F.2d 489 (8th Cir.1987). The court then concluded, however, that Northwest had produced evidence showing a legitimate, non-discriminatory explanation for the termination. The court therefore addressed whether Haglof ultimately had introduced enough evidence for a jury to find that, notwithstanding Northwest's purportedly neutral restructuring, age discrimination was a substantial factor in her dismissal. The court found the evidence insufficient as a matter of law.

DISCUSSION

We find that the district court misconstrued principles governing the inference of discriminatory intent which the jury may find from plaintiff's proof of a prima facie case.

As the Supreme Court has explained, discrimination is difficult to prove by direct evidence. *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983). The plaintiff therefore is allowed to benefit from an inference of discrimination simply upon proof that she was in the protected age category, she was performing adequately in her job, and she was fired and replaced by a younger person with no better credentials. The Supreme Court explained the reasoning behind this inference in *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978):

1. The Honorable Diana E. Murphy, United States District Court for the District of Minnesota.

2. The nursing home employs three levels of physical therapy staff, each requiring a different level of education. A registered physical therapist (therapist) has a four-year college degree and is licensed by the state. A physical therapist assistant (assistant) has a two-year degree and license. A therapy aide (aide) does not need a post-high school degree. Before the restructuring Northwest employed one full-time and one part-time therapist, one full-time assistant, and one full-time and one part-time aide. Haglof was the full-time aide. The restructuring eliminated the part-time therapist position, and changed Haglof's full-time aide position into a full-time assistant. Haglof acknowledges that assistants can write patient charts while aides cannot; however, *she argues* changing her aide job to the assistant level had no practical effect because past practice was for aides to "ghost write" patient charts for assistants to sign.

A prima facie case under *McDonnell Douglas* raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors. And we are willing to presume this largely because we know from our experience that more often than not people do not act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. Thus, when all legitimate reasons for [firing an employee within the protected age group] have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts only with *some* reason, based his decision on an impermissible consideration.

■ When the employer comes forward with a nondiscriminatory reason for the plaintiff's dismissal, the plaintiff has the burden "to demonstrate that the proffered reason was not the true reason for the employment decision." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). The plaintiff "may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer *or indirectly by showing that the employer's proffered explanation is unworthy of credence.*" *Id.* (emphasis added).

■ Thus, the plaintiff need not produce direct evidence of discriminatory intent even to discredit the employer's proffered explanation. Her evidence need only show she was in the protected category performing satisfactorily when she was fired and replaced by a younger person having no better credentials, and that the employer's explanation for its actions, if any, is not credible. Indirect proof suffices on the last element of plaintiff's case because,

> [a]s a matter of both common sense and federal law, an employer's submission of a discredited explanation for firing a member of a protected class is itself evidence which may persuade the finder of fact that such unlawful discrimination actually occurred.

*MacDissi v. Valmont Indus., Inc.*, 856 F.2d 1054, 1059 (8th Cir.1988); *see also Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.) (en banc) (merely discrediting employer's explanation sufficient for jury to find discrimination), *cert. denied*, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987); *Dace v. ACF Indus., Inc.*, 722 F.2d 374 (8th Cir.1983) (same).

■ Moreover, in order to discredit the employer's explanation the plaintiff need not produce additional evidence beyond that in the prima facie case. As the Supreme Court wrote in *Burdine*,

> A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff's initial evidence. Nonetheless, this evidence * * * may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual. Indeed, there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation.

450 U.S. at 255 n. 10, 101 S.Ct. at 1095 n. 10. We referred to this language in *Muldrew v. Anheuser–Busch, Inc.*, 728 F.2d 989, 991 (8th Cir.1984), where we wrote, "[i]n persuading the court, the plaintiff may rely solely on the evidence it presented in establishing the prima facie case or it may introduce additional evidence." Again, in *Hillebrand v. M–Tron Indus., Inc.*, 827 F.2d 363, 365 (8th Cir.1987), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989), we stated, "the plaintiff's proof may well convince the factfinder that the employer's reason was pretextual and that the plaintiff's prima facie proof sustained the case." *See also Bethea v. Levi Strauss & Co.*, 827 F.2d 355 (8th Cir.1987) (although defendant presented evidence plaintiff was fired due to necessary reduction in force, case was properly submitted to jury based on evidence in plaintiff's prima facie case that plaintiff had received honors and awards for his employment performance, and employer might not have followed objective policy in dismissing him). For this reason we cautioned in *Hil-*

*lebrand* that "[s]ummary judgments should seldom be used in cases alleging employment discrimination."[3] 827 F.2d at 364.

In the present case Haglof introduced evidence, beyond that set forth in her prima facie case, sufficient for the jury to find that the restructuring was a sham. She suggested the restructuring was not undertaken until after she filed her EEOC complaint charging age discrimination, and she pointed out that Northwest could not produce evidence to show even that it had contemplated the restructuring before Haglof's EEOC complaint. Furthermore, she presented evidence which a jury could find to show that the restructuring had no practical effect on the workforce at the nursing home.

As discussed above, if this evidence leads the jury to doubt Northwest's explanation of its restructuring, the jury could then infer Northwest harbored an impermissible motive. The remaining evidence—that Haglof, a person in the protected age bracket, was fired and replaced by the president's daughter—could lead the jury to conclude that the real reason for Haglof's termination was either age discrimination or nepotism. Nepotism, of course, is not grounds for recovery under the ADEA. However, sorting out these possible motivations is a matter for the jury and not for a court.

Reversed.

STUART, Senior District Judge, concurring specially.

I agree with the result but concur specially. The opinion as written may be read by judges and lawyers to stand for the proposition that summary judgment for the defendant is inappropriate where the plaintiff in an employment discrimination case presents a prima facie case. I do not believe this is, or should be, the law. As the majority states, to establish a prima facie case, plaintiff need only show (1) she was in the protected age bracket; (2) her job performance was satisfactory; (3) she was discharged; and (4) she was replaced by a younger person of no better credentials. These elements can be satisfied without any evidence tending to rebut the defendant's evidence of a legitimate, non-discriminatory explanation for the employment decision. I agree that the evidence introduced to establish a prima facie case—if it tends also to show that the employers proffered reasons are not credible—could be such that a summary judgment would be inappropriate and plaintiff would not be required to present additional evidence to raise a jury question. But, I do not believe that the fact that plaintiff has established a prima facie case in and of itself is sufficient to foreclose the granting of a motion for summary judgment. I believe this opinion should so state for the benefit of the trial bench and bar.

The First and Eleventh Circuits have held in ADEA cases that establishment of a prima facie case does not in itself entitle a plaintiff to survive a motion for summary judgment. *Hebert v. Mohawk Rubber Co.,* 872 F.2d 1104, 1111 (1st Cir.1989); *Young v. General Foods Corp.,* 840 F.2d 825, 828–29 (11th Cir.1988), *cert. denied,* 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989); *Rollins v. Techsouth, Inc.,* 833 F.2d 1525, 1529 (11th Cir.1987); *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 595 (11th Cir. 1987); *Dea v. Look,* 810 F.2d 12, 15 (1st Cir.1987); *Palmer v. District Bd. of Trustees of St. Petersburg Junior College,* 748 F.2d 595, 599 (11th Cir.1984); *Pace v. Southern Ry. System,* 701 F.2d 1383, 1391 (11th Cir.1983), *cert. denied,* 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1984). The plaintiff also must present a genuine issue of material fact as to the pretextual nature of any reasons offered by the defendant as an explanation for its actions. *See Jalil v. Avdel Corp.,* 873 F.2d 701, 707 (3rd Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct.

---

3. Because the district court found a prima facie case, we need not discuss our opinion in *Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161 (8th Cir.1985), which addressed the requirements of a prima facie case in the context of a large-scale reduction in force undertaken pursuant to a facially

objective plan. The district court here was correct in finding a prima facie case because, "[i]n proving a prima facie case, the plaintiff is not required to adopt as part of his case the reason given by the employer." *Hillebrand,* 827 F.2d at 365.

725, 107 L.Ed.2d 745 (1990) (Title VII); *Hebert*, 872 F.2d at 707; *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1115 (2nd Cir.1988) (ERISA); *Young*, 840 F.2d at 829; *Box v. A & P Tea Co.*, 772 F.2d 1372, 1378 (7th Cir.1985), *cert. denied*, 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986) (Title VII); *Parker v. Federal Nat'l Mortgage Ass'n*, 741 F.2d 975, 979–80 (7th Cir.1984); *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983); *Pace*, 701 F.2d at 1391.

The phrase "prima facie case" "not only may denote the establishment of a legally mandatory, rebuttable presumption, but also may be used by courts to describe the plaintiff's burden of producing enough evidence to permit the trier of fact to infer the fact at issue." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254 n. 7, 101 S.Ct. 1089, 1094 n. 7, 67 L.Ed.2d 207, 216 n. 7 (1981). In the Title VII context, the phrase is used in the former sense. *Id.* It has the same meaning in the ADEA context. Thus, where the defendant rebuts the presumption created by the plaintiff's prima facie case with a legitimate, non-discriminatory reason for the employment decision, the plaintiff must demonstrate that the reason given was not the true reason. *Id.* at 256, 101 S.Ct. at 1095, 67 L.Ed.2d at 217. The evidence introduced as part of the prima facie case is to be considered. *Id.* at 255 n. 10, 101 S.Ct. at 1095 n. 10, 67 L.Ed.2d at 216 n. 10.

The majority quotes a portion of footnote 10 which states: "there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation." This dictum could be interpreted to foreclose any summary judgments because there would be no opportunity for cross-examination if a summary judgment were granted. However, when the entire footnote 10 is read in relationship to the paragraph of the opinion containing footnote 10, it is clear that the ultimate burden of persuading the court that plaintiff has been the victim of intentional discrimination remains on her. If the evidence introduced as part of plaintiff's prima facie case does not tend to prove that a discriminatory reason more

likely motivated the employer or that the employer's proffered explanation is unworthy of credence, defendant would be entitled to a summary judgment unless additional evidence is produced to rebut the proffered reasons.

Where the plaintiff presents genuine issues of material fact both as to the prima facie case elements and as to pretext, summary judgment is not appropriate. *See Jalil*, 873 F.2d at 707. *See, e.g., Hebert*, 872 F.2d at 1113–16 (summary judgment reversed); *Montana v. First Fed. Sav. & Loan of Rochester*, 869 F.2d 100, 105 (2nd Cir.1989) (same); *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 466–67 (2nd Cir.1989) (same) (Title VII); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 61–62 (3rd Cir.1988) (same); *Oxman v. WLS–TV*, 846 F.2d 448, 456 (7th Cir.1988) (same); *Perez v. Curcio*, 841 F.2d 255, 257–58 (9th Cir. 1988) (same); *Rollins*, 833 F.2d at 1529 (same); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 898–900 (3rd Cir.), *cert. denied*, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987) (same). Conversely, where the plaintiff presents genuine issues of material fact only as to the prima facie case elements and not as to pretext, summary judgment is appropriate. *See Jalil*, 873 F.2d at 707. *See, e.g., Fowle*, 868 F.2d at 67; *Dister*, 859 F.2d at 1115–17; *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 109 (1st Cir.1988) (Title VII); *Young*, 840 F.2d at 829–30; *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 803–04 (9th Cir.1987) (applying California law); *Grigsby*, 821 F.2d at 595–96; *Dea*, 810 F.2d at 15–16 (merely making out a prima facie case does not automatically save [plaintiff] from a summary judgment motion); *Box*, 772 F.2d at 1378–80; *Meiri v. Dacon*, 759 F.2d 989, 997–98 (2nd Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985) (Title VII); *Palmer*, 748 F.2d at 599; *Parker*, 741 F.2d at 979; *Steckl*, 703 F.2d at 393; *Simmons v. McGuffey Nursing Home, Inc.*, 619 F.2d 369, 371 (5th Cir.1980).

The Eighth Circuit has affirmed a summary judgment for a defendant where the plaintiff in an employment discrimination case established a prima facie case. *See*

*Pierce v. Marsh,* 859 F.2d 601, 603–04 (8th Cir.1988) (Title VII). The defendant articulated a legitimate non-discriminatory reason for its decision not to promote the plaintiff. *Id.* at 603. The court agreed with the district court that the plaintiff failed to provide any evidence from which a rational trier of fact could infer that the defendant's articulated non-discriminatory reason was pretextual. *Id.* at 604. The court held that the plaintiff, having failed to raise any evidence of pretext, must, as a matter of law, fail in his claim of racial discrimination. *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby,* 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986)).

The Eleventh Circuit directly addressed the issue in *Grigsby v. Reynolds Metal Co.,* 821 F.2d at 595, holding that "the establishment of a prima facie case does not in itself entitle an employment discrimination plaintiff to survive a motion for summary judgment in all cases." The Ninth Circuit reached the same conclusion in *Steckl v. Motorola, Inc.,* 703 F.2d at 393–94, stating:

> Steckl also claims that summary judgment in an age discrimination case is precluded if a plaintiff has established a prima facie case and intends to prove pretext by challenging the credibility of the employer's witness on cross-examination. We disagree. Plaintiffs in ADEA cases must tender a genuine issue of material fact as to pretext in order to avoid summary judgment.

It should make no difference whether evidence raising a genuine issue of material fact as to pretext comes in as part of the prima facie case or as additional evidence, after the employer has articulated a legitimate non-discriminatory reason for its employment action, but such evidence must be presented. Merely satisfying the elements required to establish a prima facie case is not enough to foreclose a summary judgment.

I therefore concur in the result, but believe it should be made clear that proof of a prima facie case by the plaintiff in an employment discrimination case does not in and of itself foreclose the granting of a motion for summary judgment when defendant has produced evidence sufficient to raise a genuine issue of fact as to whether it discriminated against the plaintiff.