Donna M. **EVANS**, Plaintiff,

v.

**FORD MOTOR COMPANY, a Delaware Corporation, Defendant.**

No. Civ. 4–88–914.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 31, 1991.

Michael Albert Pinotti, St. Paul, Minn., for plaintiff.

James C. Selmer, Minneapolis, Minn., for defendant.

## ORDER

DIANA E. MURPHY, District Judge.

On July 26, 1991, the court entered its findings of fact, conclusions of law, and order for judgment granting judgment to plaintiff Donna Evans on her claims of discriminatory discharge, retaliatory discharge, and sexual harassment. 768 F.Supp. 1318. (D.Minn.) Now before the court are motions timely filed by defendant Ford Motor Company (Ford) for a new trial under Fed.R.Civ.P. 59 and to amend the court's findings and judgment under Fed. R.Civ.P. 52(b). Ford's motion for a stay of execution of judgment was granted to permit supplemental briefing by the parties based on the trial transcript. Initial and supplemental briefs from both parties have been submitted.

In its initial brief, Ford argues that it should be granted a new trial based on several alleged errors which prejudiced its defense. Ford contends that the sexual harassment claim should not have been reinstated on the second day of trial, that undisclosed witnesses should not have been permitted to testify, and that testimony and evidence from an unemployment compensation investigator should have been excluded. In its supplemental brief, Ford raises as an additional argument: that its belief that Evans had falsified her employment application was perhaps erroneous but was not shown to be a pretext for discrimination.

In its initial brief, Ford contends that the findings of fact should be amended in the areas of its knowledge that Evans' applications had been falsified, Evans' history of employment and receipt of Aid to Families with Dependent Children (AFDC), her job placement at Ford, and the facts underlying the claim of sexual harassment. Ford also argues that Evans should not receive damages for mental anguish. In its sup-

plemental brief, Ford argues that Evans should not be awarded punitive damages.

Evans has responded to each of these arguments. She states there is sufficient evidence to uphold the findings and a proper legal basis for the court's evidentiary rulings and for the reinstatement of the sexual harassment claim.

■ Ford has not shown that a new trial should be granted. Evans' claim for sexual harassment was properly reinstated after consideration of the parties' motions in limine regarding the admissibility of evidence of sexual harassment and Ford's failure to show that it would be prejudiced by reinstating the claim. The facts relevant to the other claims are deeply intertwined with the facts relevant to sexual harassment. Ford was on notice that these facts could be relevant at trial, as shown by its motion in limine attempting to exclude such evidence. All of the testimony relevant to sexual harassment was presented by Ford employees. In addition, subsequent to the court's order dismissing the sexual harassment claim by summary judgment on August 6, 1990, the Court of Appeals for the Eighth Circuit made it clear that summary judgment should be used sparingly in employment civil rights actions. *See Johnson v. Minnesota Historical Society*, 931 F.2d 1239 (8th Cir.1991); *Haglof v. Northwest Rehabilitation, Inc.*, 910 F.2d 492 (8th Cir. 1990). The claim for sexual harassment was properly reinstated and determined on the basis of the full evidentiary record.

■ The ruling to permit certain witnesses to testify over Ford's objection that they had not been disclosed does not warrant a new trial. The witnesses were all Ford employees. The most important of the witnesses who corroborated Evans' account of sexual harassment, Curtis Minter, was known to Ford well before trial. None of these witnesses, however, was essential or determinative to the outcome; even without their testimony, sufficient evidence exists to support the judgment.

■ Similarly, the ruling to permit testimony from Wayne Johnson, an unemployment compensation investigator for the State of Minnesota, does not warrant a new trial. The case relied upon by Ford to exclude this testimony, *Clapper v. Budget Oil Co.*, 437 N.W.2d 722 (Minn.Ct.App. 1989), holds that a decision by the Minnesota Department of Jobs and Training should not be given collateral estoppel effect in a civil action which involves overlapping facts. Mr. Johnson's testimony was not introduced here to bind the court with regard to Evans' case, but rather to corroborate the testimony of Evans and Colleen McKeown. Johnson's testimony was weighed by the court in like manner as other testimony. His testimony was not essential or determinative to the outcome; even without his testimony, sufficient evidence exists to support the judgment.

■ Ford's arguments that the findings and judgment should be amended are also without merit. The court found that Ford's proffered explanation for Evans' discharge, falsification, was not made as a mere mistake on Ford's part but was made with a willful disregard for Evans' rights and the truth. *See* Order of July 26, 1991, 768 F.Supp. at 1326. Substantial evidence at trial supported this finding. Substantial evidence at trial also supported the court's findings with regard to Evans' employment applications at Ford, Evans' employment history, Evans' AFDC history, Evans' job placement at Ford, and Ford's treatment of Evans' complaints about sexual harassment. Although Ford argues that damages should not have been awarded for mental anguish, nor punitive damages, these awards were authorized by law and supported by substantial evidence at trial.

Ford's motions for a new trial and to amend the findings and judgment should be denied. The stay of execution of the judgment should be lifted and Evans reinstated to work at Ford pursuant to the court's order.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. defendant's motion for a new trial is denied;

2. defendant's motion to amend the findings and judgment is denied;

3. the stay of execution of the judgment is vacated.