975 F.2d 866
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Donald C. BLAND, Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.
 No. 92-1467EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 30, 1992.
Filed: August 27, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald C. Bland, a black employee of the Veterans Administration (VA), brought this employment discrimination action against the Secretary of Veterans Affairs. Bland appeals the district court's order granting the Secretary summary judgment. We affirm.
 
 
 2
 Bland first brought an employment discrimination action against the VA in September 1977 after the VA denied him a promotion to the position of claims examiner. The district court concluded the VA had discriminated against Bland on the basis of race. Based on the district court's ruling, Bland and the VA entered into a stipulation stating the VA would immediately promote Bland and give him back pay. In July 1983, the district court incorporated the stipulation into the final judgment. The VA made Bland's promotion to claims examiner effective from 1977.
 
 
 3
 In summer 1984, Bland applied for the position of senior claims examiner. To qualify for the position of senior claims examiner, an applicant must have three years of specialized experience as a claims examiner. Although Bland's status as a claims examiner was effective beginning in 1977, the stipulation did not credit Bland for lost specialized experience in that position. Thus, Bland had only one year of actual specialized experience as a claims examiner when he applied for the senior position. The VA filled the position with a qualified white applicant who was more productive and accurate in her work than Bland.
 
 
 4
 In February 1990, Bland filed this employment discrimination action contending the Secretary: (1) refused to promote him in 1984 because of his race and in retaliation for his earlier litigation; (2) fraudulently miscalculated his back pay award and knowingly misrepresented his promotion status in the 1983 stipulation; and (3) interfered with the processing of his Equal Employment Opportunity Commission complaint. Concluding all of Bland's contentions related to the 1983 judgment, the district court granted summary judgment in the Secretary's favor.
 
 
 5
 We review an order of summary judgment de novo. United States ex rel. Glass v. Medtronics, Inc., 957 F.2d 605, 607 (8th Cir. 1992). After carefully reviewing the record, we conclude the district court properly granted the Secretary summary judgment. Bland failed to show that he had the required three years of specialized experience as a claims examiner. See Hase v. Missouri Div. of Employment Sec., No. 91-2422, 1992 WL 190265, at * 3 (8th Cir. Aug. 12, 1992). Bland also failed to present any evidence showing the VA's promotion of a more qualified employee was pretextual. See Pierce v. Marsh, 859 F.2d 601, 603-04 (8th Cir. 1988). Further, Bland presented no evidence of retaliation.
 
 
 6
 We do not consider Bland's contention of fraud raised seven years after the 1983 judgment was entered. See Fed. R. Civ. P. 60(b)(3) (motion seeking relief from judgment due to fraud shall be made not more than one year after court entered judgment). We also do not consider Bland's claim that the Secretary interfered with the processing of his complaint because the claim is vague and conclusory. See Jennings v. Hicklin, 587 F.2d 946, 948 (8th Cir. 1978) (per curiam).
 
 
 7
 Having carefully considered all of Bland's claims, we affirm the district court.