Wilma HASE, Appellant,

v.

MISSOURI DIVISION OF EMPLOY-
MENT SECURITY; John Doe, I;
C. Bruce Cornett, Appellees.

No. 91–2422.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1992.

Decided Aug. 12, 1992.

Rehearing and Rehearing En Banc
Denied Oct. 21, 1992.

Michael P. Bastian, St. Louis, Mo., argued, for appellant.

Bruce Farmer, Jefferson City, Mo., argued (James R. McAdams and William L. Webster, on brief), for appellees.

Before RICHARD S. ARNOLD, Chief Judge, THEODORE McMILLIAN, Circuit Judge, and HARRY W. WELLFORD,* Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Wilma Hase ("Plaintiff") appeals from a final judgment entered in the District Court for the Western District of Missouri granting summary judgment in favor of the Missouri Division of Employment Security ("DES") and DES Director Bruce Cornett (collectively, "Defendants"). *Hase v. Mo. Div. of Employment Sec.*, No. 89– 4106–CV–C–5 (W.D.Mo. June 3, 1991). Plaintiff alleged that Defendants discriminated against her on the basis of her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 623 (West 1985 & Supp.1992), and on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. § 2000e (West 1985 & Supp.1992). For reversal, Plaintiff argues that there were genuine issues of material fact and consequently that the district court erred in granting summary judgment. For the reasons discussed below, we reverse and remand the case to the district court for further proceedings consistent with this opinion.

### Background

When a vacancy opened in 1987 for the "Employment Security Manager I" position at the DES office in Mexico, Missouri, the Personnel Division of the Missouri Office of Administration prepared a list of ten eligible candidates, in accordance with state law. *See* Mo.Rev.Stat. § 36.030 (1978 & Supp. I 1991). Plaintiff was the only female candidate on the list and at age 57 she was one year short of being the oldest. Plaintiff had worked for DES for 29 years and had held the positions of "Employment Security Deputy I," "Employment Security Deputy II," "Claims Technician" and "Employment Security Technician." Based on her examination rating of 84.9, Plaintiff was ranked third on the candidate list. After considering her job performance evaluations, however, the Personnel Division increased her score and moved her to second on the list. Her average performance rating for 1981 through 1985 was 91.8 percent, which put her in the "Outstanding" category.

Wendell Otey, at age 37, was tied with one other candidate as the youngest on the list. Otey had worked for DES for 13 years and had held the positions of "Employment Security Deputy I," "Employ-

* The Honorable Harry W. Wellford, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

ment Security Technician," "Employment Security Supervisor I" and "Employment Security Supervisor II." From 1981 through 1987 his job performance ratings were consistently lower than Plaintiff's, and his average rating for 1981 through 1985 was 89 percent, which put him in the "Very Good" category. His examination rating was 84.

Defendant Cornett promoted Otey. Cornett testified in his deposition that he did so because two assistant directors, including Assistant Director for Field Operations Jack Meystrick, had recommended Otey, and that he usually based his promotion decisions on such recommendations. Meystrick testified in his deposition that he had recommended Otey because Otey had held supervisory positions with DES. None of the positions Plaintiff had held were considered supervisory.

Cornett testified in his deposition that he had believed that there was no intended significance to the ranking order of the candidates, that test scores were irrelevant once personnel compiled the list of ten candidates, and that he was free to choose anyone from the list. No written policies contradict Cornett's beliefs. According to an affidavit by Raymond W. McCann, the personnel officer for the DES, Cornett was DES director from 1982 through 1988. During that time, Cornett promoted 158 people at 13 supervisory levels. Sixty-two of those people were women, 79 were 40 years of age or older and 33 were women over 40.

Plaintiff brought this civil action alleging that Defendants failed to promote her because of her age, in violation of the ADEA, and because of her gender, in violation of Title VII. Defendants moved for summary judgment. The district court found that Plaintiff had established a prima facie case of age and gender discrimination, slip op. at 4, but that Defendants had articulated a legitimate, nondiscriminatory reason for failing to promote Plaintiff—namely, that Defendant Cornett selected Otey because Otey had supervisory experience with the DES, *id.* at 5. Concluding that Plaintiff failed to establish a basis for proving that

Defendants' reason was pretextual, the district court granted summary judgment in Defendants' favor. *Id.* at 6. This appeal followed.

### Discussion

We review a grant of summary judgment de novo, *United States ex rel. Glass v. Medtronic, Inc.*, 957 F.2d 605, 607 (8th Cir.1992), and we apply the same standards used by the district court, *Thelma D. by Delores A. v. Board of Educ.*, 934 F.2d 929, 932 (8th Cir.1991). The question before the district court, and this court on appeal, is whether the record, when viewed in light most favorable to the non-moving party, shows no genuine issue of material fact. Fed.R.Civ.P. 56(c). *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) ("*Anderson*"); *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir.1990).

To withstand a motion for summary judgment, a party need not *prove* in its favor an issue of material fact. All that is required under Federal Rule of Civil Procedure 56(c) is sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact. *Anderson*, 477 U.S. at 248–49, 106 S.Ct. at 2510–11 (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

In the present case, the district court held that summary judgment was appropriate because Defendants articulated a legitimate, non-discriminatory reason for their employment decision. Plaintiff appeals, asserting that summary judgment is inappropriate because genuine issues of material fact concerning pretext need to be resolved.

The Supreme Court established a three-step framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) ("*McDonnell Douglas* "), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) ("*Burdine*"), to analyze employment discrimina-

tion cases based on disparate treatment. Although *McDonnell Douglas* and *Burdine* dealt specifically with actions under Title VII, the guidelines they established are generally applicable to age discrimination actions as well. *E.g., Tribble v. Westinghouse Elec. Corp.*, 669 F.2d 1193, 1196 (8th Cir.1982), *cert. denied*, 460 U.S. 1080, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983); *Cova v. Coca–Cola Bottling Co.*, 574 F.2d 958, 959 (8th Cir.1978).

▆▆ Under the first stage of the *McDonnell Douglas–Burdine* framework, the plaintiff has the burden of production to establish a prima facie case of discrimination. A plaintiff must generally demonstrate four elements to establish such a prima facie case: (1) that the plaintiff is a member of a protected class, (2) that the plaintiff meets the minimum qualifications for the position, (3) that the plaintiff suffered some kind of adverse employment action and (4) that the employer continued to try to fill the position from among applicants with plaintiff's qualifications. *See Burdine*, 450 U.S. at 253 n. 6, 101 S.Ct. at 1094 n. 6; *McDonnell Douglas*, 411 U.S. at 802 & n. 13, 93 S.Ct. at 1824 & n. 13.

A plaintiff who establishes a prima facie case "in effect creates a presumption that the employer unlawfully discriminated against the employee," *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094, and the analysis reaches the second stage of the *McDonnell Douglas–Burdine* framework. In the second stage, the burden of production "shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Id.* at 253, 101 S.Ct. at 1093, *quoting McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824.

▆▆ A defendant who articulates a legitimate, nondiscriminatory reason overcomes the presumption of discrimination raised by the prima facie case, *United States Postal Serv. v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983) (quoting *Burdine*, 450 U.S. at 255, 101 S.Ct. at 1094–95), and the case must proceed to the third stage of analysis. At the third stage, the plaintiff must demonstrate that the defendant's proffered reason is mere pretext, "either directly, by persuading the court that a discriminatory reason more likely [than not] motivated the employer, or indirectly, by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095. This burden "merges with the [plaintiff's] ultimate burden of persuading the court that she [or he] has been the victim of intentional discrimination." *Id.*

▆▆ Upon review of the record we agree with the district court that Plaintiff established a prima facie case of discrimination [1] and that Defendants articulated a legitimate, nondiscriminatory reason not to promote Plaintiff. We disagree, however, that there was no genuine issue of material fact concerning pretext. Accordingly, we hold that the district court erred in granting summary judgment in Defendants' favor.

Defendants argue that the district court correctly found that Plaintiff did not provide evidence specifically establishing a genuine issue of material fact concerning pretext. Plaintiff contends that genuine issues of material fact concerning discrimination are in dispute whenever a plaintiff establishes a prima facie case of discrimination and the defendant offers a legitimate, nondiscriminatory reason for its employment decision. Consequently, Plaintiff argues that summary judgment in favor of a defendant is never appropriate once a plaintiff has established a prima facie case,

---

**1.** Defendants note that Otey, unlike Plaintiff, had supervisory experience. Consequently, they argue that Plaintiff's prima facie case was in doubt because she failed to show that Defendant Cornett hired someone else with similar qualifications. We disagree. The *McDonnell Douglas–Burdine* framework does not require that Plaintiff show that she had qualifications identical to the person that the employer eventually hired. All she must show is that "the employer continued to seek applicants from persons of complainant's qualifications." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 n. 6, 101 S.Ct. 1089, 1094 n. 6, 67 L.Ed.2d 207 (1981) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)). Because Cornett was considering applicants from the list of the ten top candidates that the personnel department had deemed eligible—which included Plaintiff—we agree with the district court that Plaintiff established her prima facie case.

even if there is no distinct evidence of pretext. We need not reach this issue, however, because the evidence in the present case presents a genuine issue of material fact concerning pretext.

As the *Burdine* Court recognized, "[the plaintiff's initial evidence] and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual. Indeed, there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation." 450 U.S. at 255 n. 10, 101 S.Ct. at 1095 n. 10. Evidence of Plaintiff's rank, her higher examination and performance ratings, and her years of experience, when compared with Otey's supervisory experience and job recommendations, could reasonably lead a trier of fact to infer that Defendants' proffered reasons were pretextual.

Plaintiff does not merely assert that she has been discriminated against and that Defendants are not telling the truth. She provides evidence to challenge Defendant's articulated reason for their promotional decision. To grant summary judgment would be inappropriate on this record, especially because this disparate treatment case is based largely on circumstantial evidence and the relative merit of each party's case depends significantly on credibility. Consequently, we hold that there is a genuine dispute of material fact concerning the ultimate issue of discrimination.

Accordingly, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

WELLFORD, Senior Circuit Judge, concurring in part and dissenting in part.

While the issue is a very close one, I concur, with some trepidation, in the majority view on reversal of summary judgment on plaintiff's gender claim. I would, however, affirm the decision of the district court on Hase's ADEA claim.

This case presents the following undisputed facts. Of the ten persons considered for the position in question, only Hase was a female. One of the males not selected was older than plaintiff and seven of the ten were over forty years of age. All but one had tenure of more than ten years, although plaintiff had the longest tenure by a considerable period. Another male under forty, who was not selected, had a much higher test score than plaintiff or Otey.[1] There was no evidence of any custom or practice in the Missouri Division of Employment Security to discriminate against persons on account of age, and customary promotion procedures were apparently followed in this case. Defendant Cornett testified, without contradiction, that no other employment discrimination claim, by reason of age or other improper grounds, had been successfully established by an employee during his nearly seven-year stint as Director of DES. He had promoted a number of women (as well as men) over the age of forty-five to open positions.

In her deposition, the following testimony was the only basis given by plaintiff for her contention that she had been discriminated against:

Q. Well, I'm trying to find out the reasons why you think you've been discriminated [against] on the basis of your sex and I don't think that is something that is going to change over time so I'm trying to figure out what reasons you think that was a factor in the decision to promote.

A. Because I don't think my qualifications were assessed based on the fact that I was a female.

Q. Okay. And why don't you think that—

A. Because my qualifications for the job were not considered.

Q. And why do you think that has anything to do with your gender?

A. Because I didn't get the job in Mexico.

---

1. Clay, the applicant with the highest score, had an 88, while Hase had an 84.9, and Otey had an 84.

Q. Okay. And is there anything else?

A. No.

Q. And why do you think you were discriminated against on the basis of your age?

A. The same thing.

Q. And there are no other reasons?

A. None that I know of.

In short, plaintiff maintained that she was discriminated against because she had the longest tenure of the candidates considered and had a high test score, but did not receive the job. She believed she was more qualified than Otey, who was selected, and that the selectors "knew me but they did not know me as well as they knew him." The only basis given by Hase relating to *age discrimination* was that Otey "was younger than me."

There is simply no *evidence* of age discrimination demonstrated here, and no reasonable inference can be drawn from plaintiff's proof in response to defendants' summary judgment motion to show that age discrimination played any part in the selection procedure.[2]

This court recently in *Goetz v. Farm Credit Serv.*, 927 F.2d 398 (8th Cir.1991), affirmed a grant of summary judgment for the defendant in an age discrimination case brought by a forty-nine year-old female who contested the selection of a thirty-five year-old female for the position in controversy. Goetz contended, as does plaintiff Hase, that defendant's given reasons for not selecting her were pretextual. While conceding that plaintiff could show pretext by direct or indirect means, this court held in *Goetz* that the plaintiff "had failed to present a genuine issue of material fact concerning whether the reasons proffered by [defendant] ... were pretextual for age

discrimination." *Id.* at 406. Plaintiff Goetz had worked for defendant for six years while the much younger selected person had been employed for only eight months and, in addition, plaintiff presented statistical evidence which she claimed supported an inference of discrimination by the defendant against persons over forty. *Id.* at 404–05. After discussing the plaintiff's burden of proof as established in *Haglof v. Northwest Rehabilitation, Inc.*, 910 F.2d 492 (8th Cir.1990),[3] this court in *Goetz* sustained a district court's summary judgment on a factual record that seems to me stronger for plaintiff than does Hase's factual record. *See also Brousard–Norcross v. Augustana College Ass'n*, 935 F.2d 974 (8th Cir.1991).

I would accordingly affirm the district court's decision on the ADEA claim.

---

2. Plaintiff does mention—"just rumor" or "pure[ ] gossip"—that Cornett wanted "to get rid of all the old people." She conceded that he had appointed older women but claimed "he didn't consider my qualifications for the job."

3. I adopt the following observations in *Haglof* as setting forth a correct statement of the law: The opinion as written may be read by judges and lawyers to stand for the proposition that summary judgment for the defendant is inappropriate where the plaintiff in an employment discrimination case presents a prima

facie case. I do not believe this is, or should be, the law.... I do not believe that the fact that plaintiff has established a prima facie case in and of itself is sufficient to foreclose the granting of a motion for summary judgment.

*Haglof v. Northwest Rehabilitation, Inc.*, 910 F.2d 492, 495 (Stuart, J., concurring). I find this to be in conformity to *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).