994 F.2d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Barbara S. BARNETT, Appellant,
v.
BOATMEN'S FIRST NATIONAL BANK, Appellee.
 No. 92-3908.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 6, 1993.
Filed: May 13, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Barbara S. Barnett appeals from the district court's[1] order granting summary judgment in favor of Boatmen's First National Bank in this age discrimination action. Barnett alleged Boatmen's demoted her, harassed her, replaced her with younger individuals, and eventually fired her because of her age (then fifty-two).
 
 
 2
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). To establish a prima facie case of age discrimination, Barnett needs to show that genuine issues of material fact exist as to whether "she was in the protected age category, she was performing adequately in her job, and she was fired and replaced by a younger person with no better credentials." Haglof v. Northwest Rehabilitation, Inc., 910 F.2d 492, 493 (8th Cir. 1990).
 
 
 3
 We conclude summary judgment was proper because Barnett has not submitted sufficient evidence from which a rational finder of fact could conclude that she was performing adequately in her job. The record contains abundant unrebutted evidence that Barnett had difficulties with her duties, first as credit manager and then as teller. We reject as meritless Barnett's other arguments on appeal.
 
 
 4
 Accordingly we affirm.
 
 
 
 [1]
 The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)