7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Willene LENSING, Appellant,
v.
ARKANSAS DEPARTMENT OF HUMAN SERVICES, Appellee.
 No. 93-1458.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 11, 1993.
Filed: October 19, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this Title VII and Age Discrimination in Employment Act (ADEA) action, Willene Lensing appeals from a judgment of the District Court[1] entered in favor of the Arkansas Department of Human Services (DHS). We affirm.
 
 
 2
 Lensing alleged that DHS discriminated when it failed to promote her to two positions, and subsequently fired her because of her age and sex and in retaliation for Equal Employment Opportunity Commission (EEOC) complaints she had filed. The District Court appointed counsel for Lensing and conducted a bench trial.
 
 
 3
 At the conclusion of Lensing's case, the District Court granted DHS's motion for judgment. Lensing appealed.
 
 
 4
 The District Court properly articulated and applied the three-step framework for analyzing this employment discrimination case. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Hase v. Missouri Div. of Employment Sec., 972 F.2d 893 (8th Cir. 1992), cert. denied, 113 S. Ct. 2332 (1993). "We need not parse the evidence into neat piles to determine if each step of McDonnell Douglas was met." Rather we may look to the ultimate fact question of discrimination." Ingram v. Missouri Pac. R.R. Co., 897 F.2d 1450, 1454 (8th Cir. 1990). We review the District Court's findings under the clearly-erroneous standard. See Fed. R. Civ. P. 52(a); Ingram, 897 F.2d at 1454. The District Court did not commit clear error by finding that DHS did not discriminate against Lensing when it failed to promote her to the assistant deputy director or social services medical assistance administrator positions. DHS administrators testified that the two women it hired to fill these positions were more qualified than Lensing. Moreover, Lensing failed to demonstrate that DHS did not promote her because of her age or sex or because she had filed EEOC complaints.
 
 
 5
 On June 16, 1989, DHS notified Lensing that it would terminate her employment because of her refusal to sign a "Drug Free Work Place Acknowledgment Form." DHS officials drafted this form in response to the Governor's proclamation ordering state agencies to "maintain, in the official records of the agency, appropriate documentation as may be necessary to demonstrate" compliance with the federal Drug Free Workplace Act. At trial, Lensing contended that neither the proclamation nor federal regulations required employees to sign any form, but only required state agencies to inform employees of the federal law. Lensing admitted that DHS officials had met with her on more than five occasions to review the policy and to ask her to sign the form. She acknowledged receiving a memorandum approximately one week prior to her termination stating that DHS believed signing the form was a condition of employment and that her refusal to sign would be seen "as an indication that [she did] not desire this employment." In addition, a DHS administrator testified that it was normal policy for DHS to terminate employees who refused to follow a departmental policy which DHS considered to be a condition of employment. From these facts, we cannot conclude that the District Court committed clear error by finding that Lensing failed to prove that DHS fired her on the basis of age, sex, or in retaliation for filing EEOC complaints.
 
 
 6
 The record reflects that Lensing supplied no proof that DHS's reasons for its actions were pretextual, "either directly, by persuading the court that a discriminatory reason more likely [than not] motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).
 
 
 7
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas