United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

Nos. 97-1973EM, 97-2061EM, 97-2598EM
_____

Dee Lyoch,                                  *
                                            *
            Appellant,                      *
                                            *   On Appeal from the United
    v.                                      *   States District Court
                                            *   for the Eastern District
                                            *   of Missouri.
Anheuser-Busch Companies, Inc.,             *
                                            *
            Appellee.                       *

_____

Submitted:  November 17, 1997
Filed:  March 20, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and MAGILL, Circuit
    Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

Dee Lyoch appeals the District Court's entry of summary judgment in favor of Anheuser-Busch Companies, Inc., on her claims of employment discrimination on the basis of sex, age, and retaliation. We affirm in part and reverse in part.

I.

Dee Lyoch began her career with Anheuser-Busch in April 1960, when she was hired as a secretary. After several promotions to other clerical positions, she received her first managerial position, as Sales Service Manager, at salary grade 17, in May 1977. In 1982, Lyoch was promoted to the grade-23 position of Manager, Wholesaler Equity Agreement Operations, which required her to administer the contract that governed the relationship between Anheuser-Busch and its wholesalers. Evaluations of Lyoch's performance in this position were very good. In 1986, 1987, and 1988, Tom Sobbe, her superior, wrote that she was a "[v]ery dependable and conscientious employee" and recommended her for promotion to one of three positions: director of sales training; staff assistant to a vice-president; or a position with Campbell-Taggart, a separate Anheuser-Busch company.

Despite these favorable evaluations, Lyoch was not promoted beyond salary grade 23 while she was employed at Anheuser-Busch, though she did receive regular merit raises and annual bonuses. In 1987, Lyoch complained to Anheuser-Busch ombudsman Camille Emig that she believed she had been discriminated against on the basis of sex by Tom Sobbe. This complaint produced a great deal of friction between Lyoch and Sobbe. On July 17, 1992, Lyoch filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights, alleging that she had been denied promotions and compensation on account of her sex and age, and that Sobbe had retaliated against her because she complained about him. Lyoch left Anheuser-Busch on December 31, 1993, when she accepted an early-retirement package.

On July 18, 1994, Lyoch filed this action in the District Court, alleging failure to promote, wage discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. (1994); the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (1994); and the Missouri Fair Employment

Practices Act, Mo. Ann. Stat. § 213.010 et seq. (1996). The Court filed a memorandum and opinion on February 21, 1997, granting Anheuser-Busch's motion for summary judgment. Specifically, the Court held that Lyoch had failed to present a genuine issue of material fact on her failure-to-promote claim because she failed to establish job responsibilities for any positions for which she was passed over, to demonstrate her qualifications for the job, and to demonstrate the qualifications of the person who actually received the promotion. The District Court granted summary judgment on Lyoch's wage discrimination claim because it held that Lyoch had not established that higher-paid men performed substantially equal work. Finally, the Court held that summary judgment was appropriate for the retaliation claim because Lyoch "suffered no decrease in title, salary or benefits" after she complained about her problems with Tom Sobbe, and because she did not demonstrate that she was qualified for any of the positions which she claims she did not receive because of retaliation. Lyoch now appeals.

## II.

### A.

Summary judgment is appropriate if there are no genuine issues of material fact as to the essential elements of a party's case. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The elements of the prima facie case for a failure-to-promote claim are well established: The plaintiff must demonstrate "(1) that she is a member of a protected group; (2) that she was qualified and applied for a promotion to a position for which the employer was seeking applicants; (3) that despite her qualifications, she was rejected; and (4) that other employees of similar qualifications who were not members of a protected group were promoted at the time plaintiff's request for promotion was denied." Marzec v. Marsh, 990 F.2d 393, 395-96 (8th Cir. 1993). Under the McDonnell Douglas framework, after a plaintiff makes a prima facie showing of liability, the employer must produce evidence that it had a legitimate,

nondiscriminatory reason for its actions. If the employer meets this burden of production, then the burden shifts to the plaintiff to show that the employer's actions were a pretext for discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253-54 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).

The District Court granted summary judgment on Lyoch's claim that she was wrongfully denied promotions on the basis of her age and sex because, the Court said, she failed to present evidence that she was qualified for any of the sixteen identified positions which were filled within the applicable period of limitations. Specifically, the Court said that she did not identify any of the job responsibilities or qualifications for the positions, and did not demonstrate that she met any of these qualifications at the time the positions were filled. Though it granted summary judgment for these reasons, the District Court noted that it would not have required Lyoch to show that she actually applied for any of the sixteen positions because, viewed in a light most favorable to Lyoch, Anheuser-Busch's promotions policy was "vague and secretive." District Court Op. at 10. See Winbush v. State of Iowa by Glenwood State Hosp., 66 F.3d 1471, 1481 (8th Cir. 1995).

We believe that Lyoch has presented evidence sufficient to raise a genuine issue of material fact on her failure-to-promote claim. The depositions of Luke Meatte and Jim Hunter, two long-time Anheuser-Busch employees who served in several managerial positions, support Lyoch's argument that Anheuser-Busch's promotions policy was informal and subjective and, in the words of the District Court, "vague and secretive." District Court Op. at 10. According to Meatte, he did not formally apply for new positions at Anheuser-Busch; he was simply asked if he would be interested or informed that he would be promoted. Appellant's App. at 315-16, 318. Hunter described being promoted at Anheuser-Busch as "not a firm process . . . . I don't recall the promotions process ever being specifically formalized." Appellant's App. at 181.

-4-

Another court, faced with a subjective promotions process, has held that a plaintiff has a lighter burden when attempting to make a prima facie case of failure to promote than in a situation involving objective promotions criteria:

> [A] prima facie showing can be made through credible evidence that a plaintiff was qualified even if that evidence was disputed by the employer, and . . . this burden may be met through the plaintiff's own testimony and that of co-workers who were in a position to know the plaintiff's qualifications.

Thomas v. Denny's, Inc., 111 F.3d 1506, 1510 (10th Cir.), cert. denied, 118 S. Ct. 626 (1997) (citation omitted). This lighter burden at the prima facie stage is justified by the fact that subjective criteria for promotions "are particularly easy for an employer to invent in an effort to sabotage a plaintiff's prima facie case and mask discrimination." Id. (citing Ellis v. United Airlines, Inc., 73 F.3d 999, 1005 n.8 (10th Cir.), cert. denied, 116 S. Ct. 2500 (1996)). We agree; a plaintiff alleging a prima facie case of failure to promote should not bear the same burden when the criteria are subjective and the process "vague and secretive" as when the case involves "objective hiring criteria applied to all applicants." Id.

The record includes deposition testimony and documents from Anheuser-Busch, as well as Lyoch's own affidavit, which pose a factual issue as to whether Lyoch was qualified for a promotion to a higher salary grade level. First, we find particularly relevant Tom Sobbe's evaluations of Lyoch's performance, in which he described her as a "[v]ery dependable and conscientious employee" and recommended her for promotions to positions including Director, Sales Training, and Staff Assistant to a Vice-President. The District Court did not find these evaluations convincing because the latest was made four years before some of the sixteen positions, including an Executive Assistant to Vice-President, Sales, were filled. However, there is nothing in the record to indicate that Lyoch was less qualified in 1992 than she was in 1988, when Sobbe recommended her for a promotion "Now" to a position as a Staff

Assistant to a Vice-President.  Thus, Anheuser-Busch's own evaluations of Lyoch's performance raise an issue as to whether she was qualified for a promotion.[1]

Ted Roden's deposition also indicates that Lyoch was qualified for promotion. Roden was an Anheuser-Busch distributor for approximately 35 years who worked closely with Lyoch when she served as Manager, Wholesaler Equity Agreement Operations.  Roden gave Lyoch's performance high marks, describing her as "the umbilical cord between the distributors and the Brewery" and saying that "she was running [the Equity Operations] department."  Appellant's App. at 149, 151.  At the very least, this testimony creates a factual question as to whether Lyoch was qualified for promotion.  The District Court discounted Roden's deposition because he was not an Anheuser-Busch employee, and Anheuser-Busch, in its brief, asserts that "[a]s a matter of law, the opinion of co-workers, customers, clients and other non-decisionmakers is not relevant to the determination of an individual's qualifications." Appellee's Br. at 25.  On the contrary, Roden's affidavit is relevant as long as it has "any tendency to make the existence of any fact that is of consequence to the determination of [this] action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Certainly, the testimony of someone who worked closely with Lyoch in her employment capacity would be relevant to the issue of whether she was qualified for promotion.  The trier of fact is free to consider such evidence less persuasive than if it came from someone at Anheuser-Busch empowered to make decisions on promotion, but courts considering motions for summary judgment may not weigh evidence in this way.

---

[1]The District Court based its decision to grant summary judgment on Lyoch's age discrimination claim in part on its belief that Lyoch provided no evidence of the ages of men who were promoted instead of her.  District Court Op. at 14-15.  However, the record includes Anheuser-Busch documents listing the ages of seventeen younger male employees Lyoch claims were promoted to positions for which she was qualified. See Appellant's App. at 234-37, 551-567.

Lyoch has presented sufficient evidence to raise a factual issue as to whether she was qualified for promotion. We therefore reverse the District Court's grant of summary judgment on that issue. Lyoch's claims of age and sex discrimination in the failure to promote her are sufficient to survive the summary-judgment stage.

B.

We affirm the holding of the District Court on the plaintiff's wage discrimination claim. To make a prima facie case of wage discrimination, Lyoch must prove that she was paid a lower wage than a younger employee or an employee of the opposite sex who was performing equal work on a job which required equal skill, effort, and responsibility, and which was performed under similar working conditions. See Equal Employment Opportunity Commission v. Delight Wholesale Co., 973 F.2d 664, 669 (8th Cir. 1992). Lyoch has not produced evidence that she was performing work substantially equal to that of younger employees or male employees at Anheuser-Busch who were paid more. The District Court properly granted Anheuser-Busch's motion for summary judgment on Lyoch's wage discrimination claim.

C.

With respect to Lyoch's claim of retaliation, we agree with the District Court, largely for the reasons stated in that Court's opinion, that summary judgment was appropriate for defendant. Lyoch's theory is that Anheuser-Busch retaliated against her on account of internal complaints of discrimination she had made about Tom Sobbe. In our view, the evidence in this record is not strong enough to raise a genuine issue of material fact as to whether any action by the company was causally connected to these internal complaints.

III.

A.

Next, we address Lyoch's argument that we should reverse the District Court's decision to deny her request to extend the discovery deadline to give her more time to choose and disclose an expert witness. A district court's decisions managing the discovery process are reviewable only for abuse of discretion. See Dabney v. Montgomery Ward & Co., 761 F.2d 494, 498 (8th Cir.), cert. denied, 474 U.S. 904 (1985). The District Court did not abuse its discretion in not extending the expert-disclosure deadline. Not only did Lyoch not comply with the deadline, she waited until four months after the deadline, and three weeks after the close of all discovery, to request an extension of time. While the District Court may, if it chooses, grant Lyoch more time after this case is remanded, we cannot say that it abused its discretion by denying the extension.

B.

Finally, we reverse the District Court's award of costs of $4,663.37 in favor of Anheuser-Busch. Federal Rule of Civil Procedure 54(d) provides that costs are to be awarded to the prevailing party as a matter of course unless the court directs otherwise. The order of the District Court with respect to costs must now be vacated, since there is as yet no prevailing party in the case as a whole.

IV.

For the reasons discussed above, we affirm the judgment of the District Court in part, reverse in part, and remand for further proceedings not inconsistent with this opinion.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.