# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2670

_____

Mary D. Austin,      *

       *

       Appellant,     *

       *    Appeal from the United States

    v.        *    District Court for the

       *    Eastern District of Arkansas

Minnesota Mining and Manufacturing     *

Company; Jerry Jones,     *

       *

       Appellees.     *

_____

Submitted:   July 30, 1999

Filed:   September 29, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Mary D. Austin appeals from the final order entered in the District Court for the Eastern District of Arkansas granting summary judgment in favor of defendants in Austin's employment discrimination action. Austin claimed that defendants failed to promote her and harassed her on the basis of her race, sex, and age, and then demoted her in retaliation for filing this action--all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. For the reasons stated below, we affirm in part, reverse in part, and remand.

Austin, an African-American woman over forty, worked for Minnesota Mining and Manufacturing Company (3M). She applied for a promotion to the position of quality helper after seeing a notice advertising the position; the notice indicated that tests would be given to all applicants. Failing any one of the three tests would disqualify an applicant from further consideration, and, of those applicants who passed the tests, the applicant with the most seniority would be awarded the job. Austin failed each test and was not promoted. In all, eight employees--four females and four males, of whom four were under forty and three were white--failed to qualify for the position based on their test scores. Of those who passed, a twenty-one-year- old white male and a twenty-seven-year-old white male received the same score, and the one with less seniority received the position.

Austin maintained that defendants discriminated against her by altering her test scores so as to disqualify her for the promotion. Austin further maintained that she was harassed because she was disciplined for violating safety procedures; her supervisors failed to provide her a portable toilet in the workplace, as promised, when she worked two-fifths of a mile, round trip, from the nearest restroom; a co-worker told her that her department was not for women; each quality-helper-applicant's test scores were indicated on a report, which was distributed at 3M's plant; and a derogatory flyer about Austin and a co-worker was posted. Finally, Austin asserted that she suffered retaliation because she was reassigned to a position with more physically strenuous work and less pay after she filed the instant action.

We review a district court's grant of summary judgment de novo, and will affirm if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Lynn v. Deaconess Med. Ctr.-West Campus, 160 F.3d 484, 486 (8th Cir. 1998). To withstand a motion for summary judgment, the nonmoving party need only submit "sufficient evidence supporting a material factual dispute that would require resolution by a trier of fact." Hase v. Missouri Div. of

Employment Sec., 972 F.2d 893, 895 (8th Cir. 1992), cert. denied, 508 U.S. 906 (1993).

We conclude summary judgment was proper as to Austin's hostile-work-environment claim. To succeed on such a claim, Austin had to establish that: (1) she is a member of a protected group; (2) unwelcome harassment occurred; (3) a causal nexus existed between the harassment and her protected-group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt and effective remedial action. See Carter v. Chrysler Corp., 173 F.3d 693, 700 (8th Cir. 1999). Although Austin was understandably upset and embarrassed by the posting of the derogatory flyer, she failed to show that the posting affected a term, condition, or privilege of her employment or to rebut defendants' proof that they promptly removed the flyer and investigated. The remaining incidents of which Austin complains, including the distribution of her test scores, were not severe enough to support a hostile-work-environment claim. See Scusa v. Nestle U.S.A. Co., 181 F.3d 958, 965-67 (8th Cir. 1999) (although employee experienced unpleasant conduct and rude comments, employee was not subjected to severe or pervasive harassment that altered conditions of her employment). We also conclude summary judgment on Austin's retaliation claim was proper because Austin did not show that her reassignment was causally linked to the filing of this action. See id. at 968 (elements of retaliation claim).

However, we conclude summary judgment on Austin's failure-to-promote claim was improper. The elements for a failure-to-promote claim include showing that: (1) the employee was a member of a protected group; (2) she was qualified and applied for a promotion to a position for which the employer was seeking applicants; (3) she was not promoted; and (4) similarly situated employees, not part of the protected group, were promoted instead. See Lyoch v. Anheuser-Busch Cos., 139 F.3d 612, 614 (8th Cir. 1998). As Austin has shown the first, third, and fourth elements, the only element

-3-

in dispute is the second: whether Austin was qualified for the promotion based on her test scores. We believe that Austin has presented sufficient evidence to raise a genuine issue of material fact whether her test scores were altered.

Austin testified in her deposition that she assumed she had scored around 90% on the tests, because she had missed only four questions on the pretest from which she believed 25% of the test questions had been drawn, and because from her many years of schooling, she knew what she had answered correctly on tests. She testified further that she knew her test answers had been changed because the "Xs" marking the answers were different. See Canada v. Union Elec. Co., 135 F.3d 1211, 1214-16 (8th Cir. 1997) (employee's testimony that he believed he had passed oral test and that his answers had been marked incorrectly, coupled with inconsistent testimony from test proctors regarding how many questions employee had answered correctly, raised genuine issue of fact as to whether employee passed test). Defendants submitted copies of the answer sheets, as well as affidavits from the test proctor and the test grader, both of whom attested they did not alter Austin's answers or otherwise tamper with her answer sheets. We conclude such proof, when compared to Austin's testimony disavowing that the answers marked were in her handwriting, created a genuine dispute on an issue of material fact that should have been resolved by a trier of fact. See Peter v. Wedl, 155 F.3d 992, 996 (8th Cir. 1998) (genuine issue of material fact exists if there is dispute of fact, disputed fact is material to outcome of case, and dispute is genuine, i.e., reasonable jury could return verdict for either party).

Accordingly, we reverse the grant of summary judgment to defendants on the failure-to-promote claim, and remand for further proceedings consistent with this opinion. We affirm the grant of summary judgment to defendants on the hostile-work-environment and retaliation claims.

HANSEN, Circuit Judge, concurring in part and dissenting in part.

I agree that the hostile-work-environment and retaliation claims were properly dismissed. However, I dissent from the majority's view that a material factual dispute exists on the failure-to-promote claim, and I would affirm the dismissal of that claim as well.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.