# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1938

_____

Karen Lunderby,                          *
                                         *
                    Appellant,           *
                                         *    Appeal from the United States
          v.                             *    District Court for the
                                         *    District of Minnesota.
American Heritage National Bank,         *
                                         *         [UNPUBLISHED]
                    Appellee.            *

_____

Submitted: December 13, 2000

Filed: February 27, 2001

_____

Before LOKEN and HEANEY, Circuit Judges, and BATTEY,[1] District Judge.

_____

PER CURIAM.

The issue before us is whether the district court[2] properly granted American Heritage National Bank's motion for summary judgment in Karen Lunderby's age and gender discrimination suit. We affirm.

---

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

## I.

In 1995, at the age of fifty-two, Lunderby began working for American Heritage National Bank (American) as a Personal Banking Manager. In 1997 American's Vice President Leonard Wohlman restructured the company and created several new positions, including a job titled Retail Banking Manager. The position description listed the following preferred qualifications: seven to ten years of bank experience in consumer lending and residential mortgage lending; a college degree or equivalent work experience; good communication skills; previous supervisory experience; an understanding of teller operations; and a basic understanding of secondary market real estate lending. Lunderby applied for the new position, but was not selected. Wohlman indicated that he wanted to hire someone outside of the company with a fresh perspective and more real estate experience than Lunderby possessed. The hiring committee ultimately selected Stefan Freeman, who was under forty years of age. Lunderby alleged that this hiring decision was motivated by discriminatory animus based on her age and gender. The district court found that Lunderby failed to state a claim of age or gender discrimination in connection with defendant's hiring decision, and granted defendant's motion for summary judgment.

## II.

On appeal, we review the district court's grant of summary judgment de novo and apply the same standards as the district court. See Rothmeier v. Inv. Advisers, Inc., 85 F.3d 1328, 1331 (8th Cir. 1996). Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the nonmoving party is entitled to judgment as a matter of law. See Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000).

The district court properly evaluated Lunderby's claims under the McDonnell Douglas framework, the three-stage burden shifting analysis where the plaintiff fails to produce direct evidence of discrimination, requiring Lunderby to state a prima facie case of discrimination by demonstrating that: 1) she is a member of a protected group; 2) she was qualified and applied for a promotion to a position for which the employer was seeking applicants; 3) despite her qualifications she was rejected; and 4) other employees of similar qualifications who were not members of a protected group were promoted at the time plaintiff's request for promotion was denied. See Lyoch v. Anheuser-Bush Co., 139 F.3d 612, 614 (8th Cir. 1998). If Lunderby succeeds in establishing a prima facie case, the employer must then articulate a non-discriminatory reason for the adverse employment action. See Rothmeier, 85 F.3d at 1332. Lunderby's claims survive a motion for summary judgment only by demonstrating that American's articulated reason is pretextual. See id.

We agree with the district court that Lunderby's prima facie case for discrimination failed because she did not demonstrate that she met the identified qualifications articulated in the retail banking manager job description. Lunderby conceded that she had little, if any, experience in residential mortgage lending. She did not show that she possessed an understanding of secondary market real estate lending, as requested in the job description. Lunderby's record of disciplinary citations for failure to communicate effectively with her colleagues is further evidence of her unsuitability for the position. Freeman, on the other hand, had ample experience in secondary market residential lending, a college degree in relevant areas of study, and nothing in his record to indicate that he had poor communication skills.

Even if Lunderby had stated a prima facie case, American produced sufficient nondiscriminatory reasons for its decision not to hire her. As the district court noted, Lunderby's "lack of experience in residential mortgages, her documented need for improvement in management and communication skills, and Freeman's superior educational qualifications are all factors that [American] permissibly could take into

consideration when making its hiring decision." Order at 17. Lunderby failed to produce sufficient evidence to meet her burden of establishing pretext in the third stage of the <u>McDonnell Douglas</u> analysis. For these reasons, we affirm the decision below.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.