# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3201
_____

| | | |
|---|---|---|
| John Starway, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Independent School District No. 625, | * | |
| also know as St. Paul Public Schools, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: November 7, 2001

Filed: December 4, 2001
_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.
_____

PER CURIAM.

John Starway appeals the district court's[1] adverse grant of summary judgment in his action against his former employer, Independent School District No. 625 (ISD). Starway claimed that, based on his national origin, he was subjected to a hostile work

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

environment, in violation of Title VII, and was discharged, in violation of Title VII, 42 U.S.C. § 1981, and Minnesota law.[2]

Having reviewed the summary judgment grant de novo, see Austin v. Minn. Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999), we affirm. Mr. Starway failed to demonstrate his performance met ISD's legitimate expectations. See Fragante v. City and County of Honolulu, 888 F.2d 591, 598 (9th Cir. 1989) (employer may honestly assess plaintiff's oral communications skills when such skills are reasonably related to job performance); cf. Taylor v. Southwestern Bell Tel. Co., 251 F.3d 735, 740 (8th Cir. 2001) (to make prima facie case, employee must show, inter alia, job performance at level that met employer's legitimate expectations). Although ISD was slow to provide Mr. Starway with guidance and an improvement plan, its actions, under the circumstances, did not support an inference of pretext. See Brousard-Norcross v. Augustana Coll. Ass'n, 935 F.2d 974, 976-77 (8th Cir. 1991) (departure from policy did not support inference of pretext when departure was driven by student complaint). Mr. Starway also failed to demonstrate that he was subjected to harassment so severe and pervasive as to alter the conditions of his employment, or that a causal nexus linked the efforts to fire him with his national origin. See Austin, 193 F.3d at 994 (employee must establish causal connection between harassment and protected-group status); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) ("Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment--an environment that a reasonable person would find hostile or abusive--is beyond Title VII's purview.").

Accordingly, we affirm, see 8th Cir. R. 47B; we deny Mr. Starway's pending motion; and we grant ISD's request to strike documents that were not part of the district court record, but we deny ISD's request for sanctions.

---

[2]Mr. Starway also sought attorney fees under 42 U.S.C. § 1988.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.