# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3595

_____

| | | |
|---|---|---|
| Sarah Crone, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| United Parcel Service, Inc., | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: April 18, 2002

Filed: August 30, 2002
_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

Sarah Crone works for United Parcel Service, Inc. ("UPS") as a dispatcher in the Feeder Department of its facility in Little Rock, Arkansas. Ms. Crone is a good employee and would like to be promoted to a supervisory or management position. In December 1999, she learned that a dispatcher supervisor position was open in the Feeder Department and asked the Department Manager, Ray Whitaker, if he would recommend her for that promotion. Whitaker did not make a favorable recommendation. After the ultimate decision-maker promoted a male to the position, Ms. Crone filed this action alleging sex discrimination in violation of Title VII, 42

U.S.C. § 2000(e)-5, and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-107(a). The district court[1] granted summary judgment in favor of UPS, concluding that Ms. Crone failed to "come forward with sufficient evidence to create a genuine issue of material fact as to discriminatory intent." Ms. Crone appeals. We affirm.

Mr. Whitaker testified that Ms. Crone was a good dispatcher, but he did not recommend her for the dispatcher supervisor position because he believed she lacked the confrontational skills to supervise UPS truck drivers. Ms. Crone testified that, when she asked Whitaker to recommend her for this promotion, he declined because "he was scared that I might cry if I got into a confrontation or situation with a driver" or "if I ever got a good ass chewing." The ultimate decision-maker was Mr. Whitaker's supervisor, Transportation Division Manager Phil Bettis. Mr. Bettis testified that he discussed Ms. Crone's qualifications with Mr. Whitaker and then decided not to consider her for this promotion "because of her inability to handle confrontational situations, her lack of leadership qualities, her lack of initiative, and difficulties with her people skills." Mr. Bettis ultimately promoted Mike Coddington, a part-time supervisor in another department whom Mr. Whitaker did not know before this promotion.

On appeal, Ms. Crone does not argue (and she did not argue to the district court) that Mr. Whitaker's comment, "he was scared that I might cry," is direct evidence of sex discrimination. Therefore, we must analyze the summary judgment issue *de novo* under the familiar burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Like the district court, we assume that Ms. Crone presented sufficient evidence of a prima facie case of a discriminatory refusal to promote her on account of her sex. See Lyoch v. Anheuser-Busch Cos., 139 F.3d 612, 614 (8th Cir. 1998). UPS responds that Ms. Crone was not promoted

_____

[1]The HONORABLE SUSAN WEBBER WRIGHT, Chief Judge of the United States District Court for the Eastern District of Arkansas.

because, although she had performed her dispatcher job satisfactorily, she lacked the confrontational skills and initiative needed for a supervisory position. This explanation easily satisfies UPS's burden to articulate a non-discriminatory reason for its action, the second step of the McDonnell Douglas analysis. See Floyd v. State of Missouri Dep't of Soc. Serv., Div. of Family Serv., 188 F.3d 932, 936 (8th Cir. 1999) (this burden "is not onerous").

Thus, the summary judgment issue in this case turns, as it often does in employment discrimination cases, on whether Ms. Crone presented evidence raising a reasonable inference that UPS's legitimate non-discriminatory reason was in fact a pretext for intentional sex discrimination. See Ryther v. Kare 11, 108 F.3d 832, 848 & n.13 (8th Cir.) (en banc), cert. denied, 521 U.S. 1119 (1997). "In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose." Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 147 (2000). For the following reasons, we agree with the district court that Ms. Crone failed to raise a submissible jury issue of pretext:

• Ms. Crone testified that confrontational skills are important in the supervisory position she sought because dispatcher supervisors must supervise UPS feeder truck drivers, a unionized work force that tends to be "exceptionally confrontational." Thus, Mr. Whitaker's concern about confrontational skills, though expressed to Ms. Crone in a demeaning manner, was consistent with UPS's articulated non-discriminatory reason for failing to promote her.

• Ms. Crone also admitted that she has demonstrated some difficulty dealing with confrontational situations in the past and on at least one occasion was close to tears when a truck driver was confrontational with her as a dispatcher. Though Ms. Crone believes she has overcome or outgrown those difficulties, the admission is contrary to her claim of pretext.

-3-

• Ms. Crone further admitted that Mr. Bettis was the ultimate decision-maker, that he had the authority to override Mr. Whitaker's refusal to recommend her, and that she had no reason to believe that Mr. Bettis was guilty of sex discrimination.

• Though Ms. Crone's immediate supervisor testified that he heard Mr. Whitaker criticize her confrontational skills and disagreed with Mr. Whitaker's opinion, that supervisor was not involved in the promotion decision.

• Ms. Crone presented no other evidence of sex discrimination by UPS at this facility, or by Mr. Whitaker as Feeder Department Manager. The summary judgment record does not reflect whether other female UPS employees have been promoted to supervisory or management positions, at this facility or elsewhere.

On this record, we agree with the district court that "[t]here is no credible evidence from which a jury could find that the decision not to promote Crone was based on gender discrimination." Ms. Crone did present evidence suggesting that the UPS managers were mistaken in concluding that she lacked the confrontational skills and other qualities needed to be a good dispatcher supervisor. "In the absence of any evidence of discriminatory intent, however, it is not the prerogative of the courts or jury to sit in judgment of employers' management decisions." Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir.) (en banc), cert. denied, 528 U.S. 818 (1999). Compare Floyd, 188 F.3d at 937 (summary judgment for the employer affirmed where female employee was not promoted for the non-pretextual reason that she lacked "the leadership skills needed to be effective in the position").

In these circumstances , the district court properly granted summary judgment dismissing Ms. Crone's Title VII sex discrimination claim. Turning to her state law claim, the Arkansas Supreme Court looks to decisions interpreting the federal civil rights laws in analyzing gender discrimination claims under the Arkansas Civil Rights Act, Flentje v. First Nat'l Bank, 11 S.W.3d 531, 537 (Ark. 2000), and Ms. Crone does

not argue that the district court erred in dismissing her claim under this statute because she failed to establish a submissible Title VII claim. Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.