# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2957

_____

| | | |
|---|---|---|
| Luther G. Gold, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| John Snow, Secretary of the | * | |
| Department of the Treasury,[1] | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: March 7, 2003
Filed: March 10, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Luther G. Gold, an African American, appeals the District Court's[2] adverse grant of summary judgment in his employment discrimination action, wherein he

_____

[1]John Snow has been appointed to serve as Secretary of the Department of the Treasury, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

claimed, as relevant to this appeal, that the Secretary of the Department of the Treasury (Secretary) based the decision not to select Gold for a promotion on his race and gender. Having carefully reviewed the record, see Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002) (noting de novo standard of review), we affirm.

We agree with the District Court that Gold established a prima facie failure-to-promote case based on race and gender. See Gentry v. Georgia-Pacific Corp., 250 F.3d 646, 650 (8th Cir. 2001) (elements). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Prods, Inc., 530 U.S. 133, 148 (2000). In this case, however, Gold's evidence fell short of creating a genuine issue of material fact as to whether the Secretary's proffered reasons for his nonselection—his incomplete, irrelevant, or incorrect answers to interview questions, as well as the interviewers' assessments that his communication, instructional, and interpersonal skills were not as strong as those selected—were false.

Given the District Court's thorough recitation of the summary judgment record upon which its judgment was based, we reject Gold's assertion that the Court ignored his evidence. We also reject his suggestion that summary judgment was improper because the final step in the selection process was in part subjective. Cf. Crone v. United Parcel Serv., Inc., 301 F.3d 942, 945 (8th Cir. 2002) (concluding that plaintiff presented insufficient evidence suggesting that managers' proffered reasons for failing to promote her were pretextual); Carter v. St. Louis Univ., 167 F.3d 398, 402 (8th Cir. 1999) (concluding that subjective nature of evaluation process and plaintiff's own unsatisfactory evaluation did not demonstrate defendant's reasons for terminating him were pretextual).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.