McKEAGUE, J., delivered the opinion of the court, in which SILER, J., joined. STRANCH, J. (pp. 720-22), delivered a separate dissenting opinion.
OPINION
McKEAGUE, Circuit Judge.
Eleven current and former employees of SuperValu Holdings, Inc. (“SuperValu”) who are African-American brought suit alleging, among other things, that they were exposed to a racially hostile work environment in SuperValu’s warehouses. SuperValu moved for summary judgment as to each employee. In response, the employees submitted a detailed list of the incidents which formed the basis of their hostile environment claims. The events listed were scattered sporadically over twenty-five years. They included vulgar graffiti, overtly racist comments by coworkers, and racially motivated pranks.[1] Although it found these incidents reprehensible, the district court concluded that they did not amount to a hostile work environment and granted summary judgment to SuperValu. Five employees appeal. We affirm.
I. ANALYSIS
We review the district court’s grant of summary judgment de novo. Blackmore v. Kalamazoo Cty., 390 F.3d 890, 894 (6th Cir.2004). Summary judgment is ap *717 propriate where there is “no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(a). SuperValu bears the burden of showing the absence of evidence to support at least one essential element of the employees’ claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The employees must then present sufficient evidence through the pleadings and the materials produced through discovery from which a jury could reasonably find in their favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is not appropriate if the evidence would permit a reasonable jury to return a verdict for the non-moving party. Barrett v. Whirlpool Corp., 556 F.3d 502, 511 (6th Cir.2009).
Title VII offers employees protection from a workplace “permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim’s employment and create an abusive working environment.” Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotations omitted). Summary judgment is improper if plaintiff advances evidence of harassment that is “ongoing,” “commonplace,” and “continuing.” See Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 333-34 (6th Cir.2008) (quoting Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 252 (6th Cir.1998)). But “conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment — an environment that a reasonable person would find hostile or abusive — is beyond Title VII’s purview.” Harris, 510 U.S. at 21, 114 S.Ct. 367. “Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim’s employment, and there is no Title VII violation.” Id. at 21-22, 114 S.Ct. 367.
In granting summary judgment, the district court considered all of the employees’ claims for each employee individually and limited its analysis to those events that were either perceived by an individual employee or that the employee knew about. The court based its decision to handle summary judgment in this manner on the totality-of-the-circumstances test articulated in Jackson v. Quanex Corp., 191 F.3d 647 (6th Cir.1999), reasoning that an event should only be considered part of the totality of the circumstances if an individual employee claimed he was aware of it. The plaintiffs on appeal (“Plaintiffs”) make only one claim of error, contending the district court erred by choosing not to consider the claims of all employees in the aggregate.[2] We disagree.
*718 The district court correctly interpreted Jackson’s totality-of-the-circumstances test to militate against aggregating the claims of all Plaintiffs. In Jackson, a single plaintiff sued her employer alleging racial harassment in the form of racist slurs she had either experienced or heard about, racist graffiti she had seen or learned about, disparate treatment towards African-American employees that Jackson was told about, and offensive behavior she experienced or learned of. See, e.g., id. at 651 (stating Jackson overheard slurs); id. at 652 (stating Jackson saw graffiti in women’s restroom and learned of it in the men’s room); id. at 654 (stating Jackson was told about disparate job treatment of an African-American colleague); id. at 654-55 (describing tampering with the valves Jackson used on the job as well as a physical and verbal assault against her). The district court in Jackson awarded judgment as a matter of law to Quanex because Jackson “was neither a witness nor a party” to most of the alleged harassment. Id. at 656. But this court rejected such a “myopic view of harassment” that would limit claims only to those things that are “directed at or witnessed by” a particular plaintiff. Id. at 660, 659.
Instead, the Sixth Circuit adopted a totality-of-the-circumstances test, pointing to the Supreme Court’s decision in Meritor Savings Bank v. Vinson, 4H1 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), in stating that “an employer may create a hostile environment for an employee even where it directs its discriminatory acts or practices at the protected group of which the plaintiff is a member, and not just at the plaintiff herself.” Jackson, 191 F.3d at 661 (citing Meritor, 477 U.S. at 65-66, 106 S.Ct. 2399). So, courts should aggregate hostile work environment claims, considering even those claims that were not directed at a particular plaintiff and those claims that a particular plaintiff did not witness. Jackson, 191 F.3d at 661.
But Jackson does not stand for the broader proposition that a group of plaintiffs may aggregate all of their claims regardless of whether they were aware of one another’s experiences or not. Quite the contrary. Implicit in the consideration of the totality of the circumstances is that a plaintiff was aware of the harassment that was allegedly directed toward other employees. See id. at 661. The Jackson court said as much. See id. It based its decision on the fact that the Sixth Circuit, in prior decisions, had “credited evidence of racial harassment directed at someone other than the plaintiff when the plaintiff knew a derogatory term had been used.” Id. at 661 (citing Moore v. KUKA Welding Sys., 171 F.3d 1073, 1079 (6th Cir.1999)). The Jackson court also reasoned that “‘the fact that a plaintiff learns secondhand of a racially derogatory comment or joke ... can impact the work environment.’ ” Id. (quoting Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2d Cir.1997) (internal citation omitted)). And finally, “evidence that Jackson learned of these incidents clearly demonstrated that ... she subjectively perceived that her work environment was one hostile to her.” Id. In short, a plaintiff does not need to be the target of, or a witness to harassment in order for us to consider that harassment in the totality of the circumstances; but he does need to know about it.
It follows that the district court properly declined to aggregate all claims made by all Plaintiffs if they failed to show they were each aware of the harassment claimed by the others. In them response *719 to SuperValu’s motion for summary judgment, Plaintiffs submitted an exhibit which they described as a “detailed list of the incidents which form the basis for the Plaintiffs’ hostile environment claims.” Although the dissent characterizes Plaintiffs list as non-inclusive, this language would tend to indicate that the list was presented to the district court as inclusive of all hostile environment claims. Nonetheless, the district court contemplated not only the items listed in that exhibit, but also additional claims found in Plaintiffs’ depositions. See, e.g., Berryman, 2010 WL 1257848, at *5 (listing the claim that “[o]n one occasion in 2005, Berryman saw the word ‘nigger’ written on his work machine” and citing Berryman’s deposition). However, upon review of the record, the district court concluded that Plaintiffs had “point[ed] to nothing to indicate that [they were] aware of any of the acts of harassment alleged by the other Plaintiffs in this litigation, other than those [that were specifically claimed].” E.g., id. at *13 n. 16.
To secure aggregated review of their claims on summary judgment, Plaintiffs needed to marshal basic evidence to show that they were individually aware of the harassment experienced by other plaintiffs. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989). They failed to do so. It may be tempting to assume, as the dissent does, that due to the public nature of some of the alleged acts of harassment, e.g., graffiti in the bathrooms and on warehouse pallets, Plaintiffs may have been aware of some events they did not mention in their individual depositions. But this assumption is unwarranted. In a physically large and partitioned workplace like the separated warehouses in this case, it is inappropriate for us to infer that Plaintiffs perceived events they did not discuss in their depositions.[3] The most illustrative example is the effigy of an African American supervisor, which was allegedly hung “for all the warehouse to see it.” We agree that such a display was repugnant, but none of the named plaintiffs on appeal gave any indication in their depositions that they were even aware of it, despite its allegedly public location and questions prompting them to disclose all such incidents they remembered. We cannot assume Plaintiffs were aware of those things that they did not discuss in hundreds of pages of depositions. Such an assumption would overstep the reasonable inferences we are obliged to draw in favor of the non-moving party on summary judgment. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
On occasion, we have found it reasonable to infer that a plaintiff was affected by behavior not directed at him or her. See, e.g., Gallagher v. C.H. Robinson Worldwide, Inc., 567 F.3d 263, 273-74 (6th Cir.2009). In Gallagher, where a plaintiff claimed a sexually hostile work environment, the district court overlooked the configuration of the workplace, which was such that the plaintiff could not avoid the offensive conduct of her coworkers. Id. at 273. Not only was Gallagher aware of the offensive conduct, “she was unavoidably exposed to it.” Id. Here, the district court noted that the record was devoid of any claim that workers would be unavoidably exposed to the various acts of graffiti, comments, or jokes. E.g., Berryman, 2010 WL 1257848, at *5 n. 16.
Importantly, the district court did consider those instances in which Plaintiffs gained second-hand knowledge of a partic *720 ular incident of harassment, precisely as Jackson requires. See Jackson, 191 F.3d at 661. It contemplated the fact that Plaintiff Berryman “saw one or two pictures of monkeys, a picture of police cars chasing O.J. Simpson, and photos of ‘dark people’ drawn on boxes and on poles.” Berryman, 2010 WL 1257848, at *5 (citing Berryman Dep. at 112-13). The court also regarded the fact that Plaintiff Andre Hightower “saw photographs taken of the word ‘nigger’, written on the warehouse floor, along with a drawing of people with ‘large lips, nappy hair.’ ” Berryman, 2010 WL 1257854, at *5 (citing Hightower Dep. at 30-33).[4] That Plaintiffs described some harassment they learned of from other employees reinforces the district court’s determination that it could not presume Plaintiffs were aware of events they did not individually claim.
After pulling together evidence from Plaintiffs’ depositions as well as their proffered exhibits, the district court properly found that Plaintiffs failed to show they were aware of the majority of harassment alleged by their fellow employees. It then correctly concluded that Plaintiffs’ claims should be considered individually. Thus, the Plaintiffs’ claim of error is denied.
II. CONCLUSION
Accordingly, we AFFIRM the district court’s decision to grant SuperValu’s motion for summary judgment.

. The district court's eleven separate opinions listed the various claims relevant to hostile work environment as to each Plaintiff, having pulled together claims from the Plaintiffs’ depositions. For a detailed list of those claims considered by the district court as to Plaintiff Robert Bush, see Berryman v. SuperValu Holdings, Inc., No. 3:05cv169, 2010 WL 1257838, at *3-*4 (S.D.Ohio March 31, 2010). For a detailed list of those claims considered by the district court as to Plaintiff Dion Berryman, see Berryman v. SuperValu Holdings, Inc., No. 3:05cv169, 2010 WL 1257848, at *4-*5 (S.D.Ohio March 31, 2010). For a detailed list of those claims considered by the district court as to Plaintiff Jesse Smith, see Berryman v. SuperValu Holdings, Inc., No. 3:05cv169, 2010 WL 1257849, at *4 (S.D.Ohio March 31, 2010). For a detailed list of those claims considered by the district court as to Plaintiff Andre Hightower, see Berryman v. SuperValu Holdings, Inc., No. 3:05cv169, 2010 WL 1257854, at *4-5 (S.D.Ohio March 31, 2010). For a detailed list of those claims considered by the district court as to Plaintiff Ronald Lanton, see Berryman v. SuperValu Holdings, Inc., No. 3:05cv169, 2010 WL 1257851, at *3 (S.D.Ohio March 31, 2010).

. After listing the separate claims it would consider as to each plaintiff, the district court reasoned that, although reprehensible, the conduct claimed was not "sufficiently severe and pervasive, as a matter of law, to be said to have altered the conditions of [the plaintiffs'] employment.” E.g., Berryman, 2010 WL 1257848, at *16. The Equal Employment Opportunity Commission filed a brief as amicus curiae taking issue with the conjunctive way in which the district court articulated the test in parts of its opinions, i.e., the use of the phrase "severe and pervasive” as opposed to "severe or pervasive.” We agree that a disjunctive test, i.e., "severe or pervasive,” is proper. Barrett v. Whirlpool Corp., 556 F.3d 502, 514 (6th Cir.2009) (observing that " ‘severe or pervasive’ is properly considered in the disjunctive”) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). However, a reading of the district court's opinions shows that, in comparing each of the employees' claims to other cases from this Circuit, the court actually applied the proper, disjunctive standard even though it articulated the standard conjunctively at times throughout the opinions. See, e.g., Berryman, 2010 WL 1257848, at *14-16 (comparing Plaintiff Dion Berryman's case to several Sixth Circuit cases, including *718 Smith v. Leggett Wire Co., 220 F.3d 752, 760 (6th Cir.2000), which articulated the disjunctive "severe or pervasive” standard).

. The record shows that there are two distinct warehouses, three separate bathrooms, and pallets that cycle in and out of the warehouses. See, e.g., R. 70, Gunderson Dep., at 17; R. 77-4, Doran Aff., at ¶ 3.

. In addition, the district court considered evidence that Andre Hightower and Dion Berryman were told about racist remarks said to other employees. E.g., Berryman, 2010 WL 1257854, at *4. However, the court noted that "the Plaintiff points to no exceptions to the hearsay rule, which would allow the Court to consider these assertions” in determining whether the environment was objectively hostile. Id.