HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I join the majority in affirming the dismissal of Fullen’s claims with the exception of the race-based hostile work-environment claims. I agree with the majority’s analyses and determinations regarding whether Fullen established the prima facie elements of a race-based hostile-work environment claim except as to the “sufficiently severe or pervasive” pri-ma facie element.
The numerous incidents of race-based conduct Fullen experienced or witnessed are set forth in Part II.B. of the majority opinion. I conclude that a jury viewing these incidents in their totality could find that race-based harassment at the CDF was “ongoing, commonplace, and continuing,” Berryman v. SuperValu Holdings, Inc., 669 F.3d 714, 717 (6th Cir.2012) (internal quotations and citations omitted); that is, severe or pervasive enough to alter the conditions of Fullen’s employment. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); Hawkins v. Anheuser-Busch Inc., 517 *611 F.3d 321, 332-33 (6th Cir.2008); Gallagher v. C.H. Robinson Worldwide, Inc., 567 F.3d 263, 273 (6th Cir.2009) (although individual instances of harassment do not on their own create a hostile environment, the accumulated effect of such incidents may result in a Title VII violation). When viewed in a light most favorable to Fullen, the record evidences a work environment permeated with race-based disparate treatment and harassment, and ongoing complaints of racial harassment. These complaints included Fullen’s request for an investigation of the racially hostile newsletter, The Worm — a request that fell on deaf ears.[1] A jury could conclude that the unchallenged and unrebuked publication and dissemination of The Worm across fire stations throughout Fullen’s CDF career evidenced a culture tolerant of racially harassing conduct.
For these reasons, I would reverse the grant of summary judgment on Fullen’s race-based hostile work environment claims.

. Compare Allen v. Nat’l R.R. Passenger Corp., 228 Fed.Appx. 144, 147 (3d Cir.2007) (finding a single incident of racist flyers was insufficient to establish a prima facie hostile-work-environment case where the employer "swiftly removed the flyers, filed an incident report with the police, and held an all-employee meeting to explain that the incident was unacceptable and under investigation”), with Austin v. Minn. Mining & Mfg. Co., 193 F.3d 992, 994 (8th Cir. 1999) (concluding that the plaintiff failed to establish that a single derogatory flyer affected a condition of her employment and that she failed to rebut the defendants’ proof that they "promptly removed the flyer and investigated”).